THE PEOPLE v. ANNA J. WRIGHT.

*Criminal law—Keeping house of ill fame—Evidence.*

1. On the trial of a respondent for keeping a house of ill fame, it appeared that two men, one of whom was an officer, visited the house, and the officer testified to conduct on the part of his companion and an inmate tending to show acts of prostitution. And it is held that the refusal of the trial court to compel the prosecuting attorney to call the companion as a witness was not error, the transaction testified to not constituting the offense charged, and only being one of the circumstances in proof.[1]

2. Under an information charging a respondent with keeping a house of ill fame, proof that she aided or assisted others in the commission of the offense is admissible; citing How. Stat. § 9545; *Com. v. Gannett,* 1 Allen, 7.

3. Evidence that the female inmates of a house have been arrested, and pleaded guilty to the charge of being common prostitutes, and that the respondent, who is being prosecuted for keeping a house of ill fame, paid their fines; and that during the period covered by the charge the house was resorted to by men, and that respondent spent a considerable portion of her time there, where she was arrested, and interposed on behalf of a girl who was also arrested, saying that she was the cook; and that on another occasion, when a visitor called for beer,

———

[1] The name of the proposed witness was not indorsed on the information, nor was he sworn as a witness on the preliminary examination.

she replied that she did not have any in the house,—tends to establish respondent's guilt, and is sufficient to support a verdict of guilty.

Exceptions before judgment from Chippewa. (Steere, J.) Argued February 9, 1892. Decided February 19, 1892.

Respondent was convicted of keeping a house of ill fame. Conviction affirmed, and court below advised to proceed to judgment. The facts are stated in the opinion.

*Hurst & Sullivan* (*E. S. B. Sutton*, of counsel), for respondent, contended:

1. The companion of the officer should have been called as a witness; citing How. Stat. § 9549; *Hill v. People*, 26 Mich. 496; *Wellar v. People*, 30 Id. 22; *Thomas v. People*, 39 Id. 312; *People v. Hall*, 48 Id. 487; *People v. Moran*, Id. 639; *People v. Henshaw*, 52 Id. 566; *People v. Price*, 74 Id. 41; *People v. Pinkerton*, 79 Id. 111; *People v. Howes*, 81 Id. 400; *People v. Etter*, Id. 570; *People v. Deitz*, 86 Id. 419.

2. The testimony of the officer, under the circumstances disclosed, should have been excluded; citing *People v. McCord*, 76 Mich. 205; *People v. Pinkerton*, 79 Id. 115.

*A. A. Ellis*, Attorney General, and *Lawrence F. Bedford*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of keeping a house of ill fame. The case comes up on exceptions before judgment. The statute (Act No. 79, Laws of 1885, 3 How. Stat. § 9577) requiring assignments of error has been ignored, and no exceptions were taken to the judge's charge on the trial. Fairness to the trial judge as well as to the Attorney General requires that errors relied upon should be assigned in advance. In the present case, however, the Attorney General has had the assistance of the prosecuting attor-

ney of the county, who has prepared a brief, and is apparently willing that we shall consider those questions which go to the merits.

1. It appeared that two men—one of whom was an officer—visited the house in question, and the officer was called to show the conduct of the inmates, and testified to conduct on the part of his companion and one of the inmates which tended to show acts of prostitution. The respondent requested the trial court to compel the prosecuting attorney to call this man as a witness, but the trial judge refused the request. There was no error in this ruling. The gist of the charge was keeping a house of ill fame. The transaction in question did not constitute the offense, but was only one of the circumstances in proof.

2. It is claimed that the court erred in instructing the jury that, if the respondent aided and abetted, countenanced and advised, others in the management and control of the house, and took part in keeping it as a house of ill fame, she would be guilty; and it is urged that, to justify a conviction of aiding and abetting, the respondent must be charged as an aider and abettor. Our statute (How. Stat. § 9545) provides that one who aids or abets in the commission of a felony may be indicted, tried, and punished as principal, as in the case of a misdemeanor. The charge of keeping a bawdy-house may be supported by proof that the respondent aided or assisted others in the commission of the offense. *Com. v. Gannett*, 1 Allen, 7.

3. It was in proof that the officer above referred to had been furnished money by the county to be used in an effort to ascertain the character of the house. It is claimed that he made use of the man who accompanied him on the occasion above referred to, to entrap the respondent, and that no prosecution should be sustained

under such circumstances. If the case rested upon this transaction alone, there would be much force in this contention, but, as before pointed out, this was but a single circumstance among many offered in proof of the substantive charge. Undoubtedly the circumstances were such that the jury had a right to take account upon them in passing upon the credibility of the officer. There was, however, ample proof to support the verdict. It appeared, among other things, that the female inmates of the house had been arrested, and pleaded guilty to the charge of being common prostitutes, and that the respondent had paid their fines; that during the period covered by the charge the house was resorted to by men, and that respondent spent a considerable portion of her time at the house in question; that she was arrested at the house, and at the time of her arrest interposed on behalf of a colored girl who was arrested, saying that she was the cook; and on another occasion, when a visitor called for beer, she replied that she did not have any beer in the house. These circumstances, which were entirely disconnected from the officer in question, all tend to establish the respondent's guilt. We cannot, therefore, reverse the case on this ground.

The case will be remanded, with instructions to the court below to proceed to judgment.

The other Justices concurred.