PEOPLE *v.* GRANT.

1. CRIMINAL LAW—WITNESSES—DUTY OF PROSECUTION.

   The prosecuting attorney is not obliged to place upon the stand one whose name is indorsed on the information, unless such person is a *res gestæ* witness; his duty in the premises being fully performed by producing the person in court, and giving the respondent an opportunity to examine him.

2. TRIAL—REMARKS OF COUNSEL.

   A conviction will not be reversed merely because of improper language by the prosecutor, where the court immediately stated, in the presence of the jury, that the language should not have been used, and it was not of a character to work prejudice to the jury, in view of the statement by the court.

Exceptions before judgment from Lenawee; Lane, J. Submitted November 17, 1896.  Decided December 24, 1896.

Charles G. Grant was convicted of an indecent assault upon a female child under the age of 14 years.  Affirmed.

*Westerman & Westerman*, for appellant.

*John E. Bird,* Prosecuting Attorney, for the people.

MONTGOMERY, J.  Respondent was convicted of an indecent assault upon a female child under the age of

14 years. The name of the mother of the girl claimed to have been assaulted appeared upon the information, and respondent, on the trial, after the people had rested their case, asked to have her placed upon the stand. The witness was present in court, and the court stated to the prosecutor: "You are not called upon to examine her; but, if the defense desires her, I think the prosecution should have her here, so she can be produced." We think no error was committed in declining to require the prosecution to swear the witness. Counsel refer to the case of *People* v. *Deitz*, 86 Mich. 430; but in that case the witness was a *res gestœ* witness. See *Wellar* v. *People*, 30 Mich. 22; *People* v. *Kindra*, 102 Mich. 150; *People* v. *Wright*, 90 Mich. 362.

Complaint is made of language employed by the prosecutor, which need not be set out at length. It is sufficient that the court immediately stated, in the presence of the jury, that the language should not have been used, and it was not of such a nature as, in view of this statement of the court, we think, worked any prejudice with the jury. See *People* v. *Gosch*, 82 Mich. 22; *People* v. *Hess*, 85 Mich. 128; *People* v. *Case*, 105 Mich. 92.

The conviction will be affirmed.

The other Justices concurred.