PEOPLE v. GOMOLAK

1. CRIMINAL LAW—INCOMPETENT COUNSEL—TRIAL—MOCKERY OF
   JUSTICE.
   Generally, a conviction will not be reversed because of in-
   competent counsel unless the trial was a mockery of justice.

2. CRIMINAL LAW—INDORSED WITNESSES—RES GESTAE WITNESSES—
   NONPRODUCTION.
   The prosecutor must either produce an indorsed witness who is
   not a *res gestae* witness in court, or satisfactorily explain why
   the witness is absent.

3. CRIMINAL LAW—INDORSED WITNESSES—DUTY OF PROSECUTION TO
   PRODUCE—DISCRETION.
   The question whether prosecution has put forth proper effort to
   produce an indorsed witness is for the trial court's discretion.

Appeal from Wayne, James L. Ryan, J. Sub-
mitted Division 1 November 4, 1970, at Detroit.
(Docket No. 7839). Decided December 9, 1970.
Leave to appeal granted February 22, 1971. 384
Mich 809.

Andrew Gomolak was convicted of first-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 315.
   Incompetency of counsel chosen by accused as affecting validity
   of conviction. 74 ALR2d 1390.
[2, 3] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

Per Curiam.   Defendant appeals to this Court from a jury conviction of the first-degree murder of his wife.[1]

On appeal defendant raises four issues, only three of which merit discussion.

Defendant claims the trial court erred by not allowing a continuance to ascertain defendant's competency to stand trial.

In this case, on the day of trial defendant asserted that he was emotionally unprepared for trial.   Review of defendant's brief and of the record disclose that no sufficient showing was made that defendant was incapable of understanding the nature and object of the proceedings against him, of comprehending his own condition in reference to the proceedings, or of assisting in his defense in a rational or reasonable manner.   MCLA § 767.27a (Stat Ann 1970 Cum Supp § 28.966[11]).   *People* v. *Babb* (1968), 13 Mich App 263, 264.

The testimony of the court appointed psychiatrist given on trial does not support defendant's claim. On this record, defendant's claim that he was not competent to stand trial finds no support and must be rejected.   Similarly, on this record there is no evidence to show that the trial judge abused his dis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

cretion in denying a continuance on the day of trial for further psychiatric examination to determine competency to stand trial.

The second issue raised is whether defendant was denied effective assistance of counsel, thus allegedly depriving him of his constitutional right to counsel.

In general, a conviction will not be reversed because of incompetent counsel unless the trial was a "mockery of justice". *Williams* v. *Beto* (CA 5, 1965), 354 F2d 698; *People* v. *Degraffenreid* (1969), 19 Mich App 702.

Far from making a mockery of justice, defendant's counsel in this case acted reasonably in the light of the facts and provided effective assistance to defendant.

The final issue on appeal discussed here is whether the prosecutor's failure to have all indorsed and *res gestae* witnesses available for cross-examination at the trial was reversible error.

In a criminal case, the prosecutor has a duty to indorse on the information names of all *res gestae* witnesses. *People* v. *Grant* (1896), 111 Mich 346, 347; *People* v. *Zabijak* (1938), 285 Mich 164, 172.

Under the Michigan rule, the prosecutor must either produce an indorsed witness who is not a *res gestae* witness in court, or satisfactorily explain why the witness is absent. *People* v. *Kern* (1967), 6 Mich App 406; *People* v. *O'Dell* (1968), 10 Mich App 87, 92.

The question of whether the prosecution has put forth a proper effort to produce an indorsed witness is for the trial court's discretion. *People* v. *Costea* (1969), 19 Mich App 166; *People* v. *Dusterwinkle* (1966), 3 Mich App 150, 153. The record in this case reveals no abuse of discretion that would justify reversal.

Affirmed.