PEOPLE v MANN

Docket No. 56023. Argued May 7, 1975 (Calendar No. 10).—Decided December 18, 1975.

Robert Mann was convicted by a jury in the Kalamazoo Circuit Court, Raymond W. Fox, J., of larceny in a building. Defendant was arrested after walking out of a store with a box containing a tape recorder when he was unable to produce a sales receipt. He testified that he carried the box out to help a friend who was in the store overburdened with packages. Defense counsel suggested in closing argument that the friend might have stolen the recorder. The trial court on its own motion instructed the jury on aiding and abetting although that theory had not been advanced at trial and counsel were informed of the proposed instruction after completing their closing arguments. The Court of Appeals, Allen, P. J., and J. H. Gillis and Quinn, JJ., affirmed (Docket No. 17055). Defendant appeals. *Held:*

1. There was evidence on the record to support a conclusion that the defendant and his friend acted in concert and the court properly instructed to that effect without a request from counsel.

2. Informing counsel of the proposed instruction on aiding and abetting after closing arguments is proper where the instruction is given on the court's own motion and is designed to clarify the offense charged in the information and to correct a possibly misleading statement of law made by defense counsel.

Williams, J., concurred in the result but wrote that the law of this case on giving instructions without notifying counsel before their final arguments is limited by the facts in the case where counsel raised a new issue in closing argument. Ordinarily counsel should be informed of instructions before closing arguments are completed.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 906.

[2] 21 Am Jur 2d, Criminal Law § 130.

[3–7] 21 Am Jur 2d, Criminal Law §§ 115–128.

[8–11] 75 Am Jur 2d, Trial § 708.

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—OBJECTIONS.

An instruction given to the jury which correctly states the law as applied to the case is proper even though counsel objects.

2. CRIMINAL LAW—AIDING AND ABETTING—PUNISHMENT.

This state has, by statute, abolished all common-law distinctions between principals and accessories to a crime; a person who aids and abets is guilty as a principal (MCL 767.39; MSA 28.979).

3. CRIMINAL LAW—AIDING AND ABETTING—INFORMATION—PLEADING.

An information which charges a defendant as a principal is sufficient to warrant conviction where the proofs show that defendant aided and abetted the crime (MCL 767.39; MSA 28.979).

4. CRIMINAL LAW—AIDING AND ABETTING.

Aiding and abetting comprehends all words or deeds which may support, encourage or incite the commission of a crime (MCL 767.39; MSA 28.979).

5. CRIMINAL LAW—AIDING AND ABETTING—PROOFS.

The conviction of a principal to a crime is not necessary to convict an accessory; however, the prosecution must prove that the crime was committed by someone and that the defendant either committed or aided and abetted the commission of that crime.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING.

A trial court on its own motion properly instructed the jury on aiding and abetting where there was evidence on the record to support the conclusion that the defendant acted in concert with a friend in committing the crime.

7. TRIAL—INSTRUCTIONS TO JURY—DUTY TO INSTRUCT.

It is the duty of the trial judge, without any requests from counsel, to see to it that a case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and the judge should state to them fully the law applicable to the facts.

8. CRIMINAL LAW—INSTRUCTIONS TO JURY—ARGUMENT OF COUNSEL.

Informing counsel of a proposed instruction on aiding and abetting after closing arguments of counsel is proper where the

instruction is given on the court's own motion and is designed to prevent the jury from becoming confused and deciding the case on a false basis which was suggested by defense counsel's closing argument.

### Concurring Opinion

### Williams, J.

9. Criminal Law—Instructions to Jury—Notice to Counsel.

*Counsel should ordinarily be informed by the trial court of proposed instructions to the jury before closing arguments are completed in order to permit the arguments to be shaped accordingly (GCR 1963, 516.1).*

10. Criminal Law—Instructions to Jury—Notice to Counsel.

*A trial court may and should formulate its own instructions to the jury where the requests for instructions do not adequately cover the issues in the case; however, where these issues are raised prior to closing argument, sua sponte instructions should be reviewed with counsel before arguments are made to the jury.*

11. Criminal Law—Instructions to Jury—Notice to Counsel—Argument of Counsel.

*Informing counsel of a proposed instruction after closing argument is not error where defense counsel raises a new issue in the case while delivering his closing argument and the court on its own motion gives an instruction on the new issue.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Daudert & Barron* for defendant.

T. G. Kavanagh, C. J. Defendant was arrested for larceny in a building, MCLA 750.360; MSA 28.592, after walking out of a store in Kalamazoo with a box containing a tape recorder, unconcealed, under his arm. Defendant testified that he saw a friend (Van Johnson) in the store who was overburdened with packages. The friend handed

the box to defendant and asked him to carry it out
to his car, and then give him a ride home. When
defendant left the store, he was apprehended,
could not produce a sales receipt for the tape
recorder and was arrested. The friend did not
testify at trial.

Defendant was convicted by a jury and sen-
tenced to imprisonment. The Court of Appeals
affirmed.

On appeal to this Court defendant alleges that it
was error for the trial court to instruct the jury on
aiding and abetting when neither party had re-
quested such an instruction, that theory had not
been advanced at trial, and there was no opportu-
nity to argue the matter to the jury.

The gist of defendant's argument is not that the
instruction given on aiding and abetting incor-
rectly stated the law, but rather that no instruc-
tion on aiding and abetting was justified by the
evidence and the trial judge did not inform counsel
before closing arguments that such instruction
would be given. Therefore, defendant had no op-
portunity to rebut that charge, or to submit in-
structions on aiding and abetting. Defense counsel
objected to the instruction immediately, but that
objection was overruled.

The prosecution argues that it was defendant's
own testimony and defense counsel's closing argu-
ment which justified the aiding and abetting in-
struction. It is contended that by testifying that
Van Johnson had handed him the tape recorder,
defendant himself provided evidence of a concert
of action.

To counter appellant's contention that the error
consisted of not informing counsel before closing
argument of the court's intention to instruct on
aiding and abetting, the prosecution alleges that it

was in fact defendant's closing argument that
necessitated the instruction. Defense counsel ar-
gued to the jury that Van Johnson might have
stolen the tape recorder, if it was stolen at all, and
that defendant did not know anything about it.
That possibility, according to defense counsel's
argument to the jury, "should be ruled out before
you can find Robert Mann guilty of anything".

The prosecution contends that such a statement
was an incorrect statement of the law, leaving the
jury with the belief that if they found that John-
son stole the recorder, they would be required to
acquit the defendant. This argument, the prosecu-
tion claims, *required* the court to correct that
erroneous impression, and tell the jury that they
could find that the two acted in concert and
thereby still convict defendant of larceny.

MCLA 768.29; MSA 28.1052 states:

"It shall be the duty of the judge to control all
proceedings during the trial * * * . The court shall
instruct the jury as to the law applicable to the
case * * * ."

If the instruction given correctly states the law
as applied to the case, the fact that counsel objects
to its being given does not control. *People v Cham-
blis,* 395 Mich 408; 236 NW2d 473 (1975). "Neither
the defense nor the prosecution has the option of
precluding the court from carrying out this duty
[of correctly instructing on the law] in hopes of
forcing an 'all or nothing' verdict." *Id.*

Michigan has, by statute, abolished all common-
law distinctions between principals and accesso-
ries. MCLA 767.39; MSA 28.979 states:

"Every person concerned in the commission of an
offense, whether he directly commits the act constitut-

ing the offense or procures, counsels, aids, or abets in
its commission may hereafter be prosecuted, indicted,
tried and on conviction shall be punished as if he had
directly committed such offense."

A person who aids and abets is guilty as a princi-
pal.

Defendant argues that it was not the theory of
the prosecution nor the defense that defendant
was an accessory, but rather that defendant him-
self committed the offense. The same argument
was made in 1892 in *People v Wright,* 90 Mich
362; 51 NW 517 (1892), wherein the defendant
claimed that the court erred by instructing on
aiding and abetting, when the information was for
the offense of keeping a bawdy house. The Court
held:

"Our statute * * * provides that one who aids or
abets in the commission of a felony may be indicted,
tried, and punished as principal * * * . The charge of
keeping a bawdy-house may be supported by proof that
the respondent aided or assisted others in the commis-
sion of the offense." *Id.* at 364.

A case which dealt with a similar contention was
*People v McKeighan,* 205 Mich 367; 171 NW 500
(1919). Appellant in *McKeighan* alleged that the
information was insufficient because it charged
him only as a principal, and thus he was not given
notice of the exact nature of the charge, as the
proofs indicated his involvement was as an acces-
sory. The Court held that the information was
sufficient to warrant conviction, stating: "He who
aids and abets is now a principal". *Id.* at 371.

Defendant in the instant case alleges that there
was not sufficient evidence of a crime on the part
of another to warrant an instruction on aiding and
abetting. In *People v Palmer,* 392 Mich 370, 378;

220 NW2d 393 (1974), we reaffirmed the rule that a person may be prosecuted for aiding and abetting without regard to the conviction or acquittal of the principal. "[Aiding and abetting] comprehends all words or deeds which may support, encourage or incite the commission of a crime." The conviction of the principal is not necessary to convict an accessory. What must be proven, however, is that the crime was committed by someone, and that the defendant either committed or aided and abetted the commission of that crime.

Just as in other areas of jury instruction regarding which offenses might be considered by the jury, there must be evidence on the record to support such a charge. In this case, defendant himself hypothesized that Van Johnson might have stolen this tape recorder. If the jury believed that, they would not be required to acquit the defendant. Rather they could find that defendant and Johnson acted in concert and thus defendant would still be guilty of the offense. There was evidence on the record to support such a conclusion and thus the court properly instructed to that effect.

In *People v Murray,* 72 Mich 10, 16; 40 NW 29 (1888), this Court said:

"Without any requests from counsel it is the duty of the circuit judge to see to it that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of what it is they are to decide, and he should state to them fully the law applicable to the facts. Especially is this his duty in a criminal case. In this case it was not so done. Too much reliance is often placed upon counsel by the court in this respect for requests; but this should not be done. The court must do its duty in a criminal case, whether counsel do so or not. It is to the court that the

accused has a right to look to see that he has a fair trial."

We also reject defendant's contention that it was not proper to give the instruction without first informing counsel so that closing arguments might be shaped accordingly. In this case, counsel were not informed of the proposed instruction until *after* closing arguments were completed.

GCR 1963, 516.1 states:

"1. Request for Instructions. At or before the close of the evidence, any party may, or at any time the court reasonably directs, the parties shall, file written requests that the court instruct the jury on the law as set forth in the request. A copy of such requested instruction shall be served on the adverse parties in accordance with Rule 107. The court shall inform counsel of its proposed action on the requests prior to their arguments to the jury, and, subject to the provision of subrule 516.3, shall instruct the jury after the arguments are completed. The court may make such comments on the evidence, the testimony, and the character of the witnesses as in its discretion the interests of justice require."

One method of resolving this issue is to point out that this rule speaks only to requested instructions.

"The court is required to inform counsel of its proposed action on the *requests* prior to their arguments to the jury. Sub-rule 516.1. The obvious purpose of this provision is to enable counsel to know which *requests* will be granted or denied, in order to argue the facts in the light of the law as the court will charge the jury.

"While requested instructions serve important functions in assisting the court to formulate its charge, the judge's power to instruct the jury is not limited to the mechanical acceptance or rejection of requested instruc-

tions. *The court, of its own motion, may and should formulate instructions on issues in the case which were not covered by requests.* The court may reject a request as not properly stating the law and still formulate a correct charge on the same subject if it is an issue which should go to the jury." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 565 (emphasis added).

FR Crim P 30 is identical to GCR 1963, 516.1 concerning the question presented. The issue raised in the instant case was discussed in *United States v Shirley,* 435 F2d 1076, 1078 (CA 7, 1970). In *Shirley,* during closing arguments, defense counsel emphasized the conflict in testimony and in effect "he told the jury that if it believed the defendant's denial of his involvement in the theft, a not guilty verdict was required". Following the arguments, the district judge notified counsel that he intended to add a clarifying sentence to his charge. Defense counsel objected, stating that his closing argument would have taken account of the added instruction had he known it was to be given, although he did not deny that the added instruction was "technically and abstractly" correct.

The Seventh Circuit held that the giving of the instructions was proper:

"Rule 30 of the Federal Rules of Criminal Procedure provides in relevant part that, 'The court shall inform counsel of its proposed action upon the [instruction] requests prior to their arguments to the jury, * * * .' Although we recognize the necessity of assuring compliance with the rule so that counsel may effectively plan their arguments to the jury, *United States v Bass,* 425 F2d 161, 163 (CA 7, 1970), the rule is not so inflexible as to restrict the trial judge in giving a supplemental or modified instruction designed to prevent the jury from becoming confused and deciding the case on a false basis. Because much of the evidence concerned who

stole the cars or arranged their theft, there was a likely chance, particularly in light of defense counsel's argument, that the jury might not understand the offense charged in the indictment."

We agree with that result and the reasons given therefor.

The conviction is affirmed.

LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.

WILLIAMS, J. *(to concur)*. I concur with the results reached in the Chief Justice's opinion, but I would make two points.

First, as the prosecutor argues, the record in this case does indeed show that the court's instruction on aiding and abetting was required by the character of defendant's final argument, and without that final argument the court's instruction on aiding and abetting would not have been apposite. So the law of this case on the court giving instructions without notifying counsel before their final arguments is limited by the facts in this case.

Second, to review the law on counsel being advised, ordinarily counsel should be informed of instructions before closing arguments are completed in order to permit these arguments to be shaped accordingly. GCR 1963, 516.1 applies this requirement to requested instructions. The logic behind this requirement, however, is equally applicable to *sua sponte* instructions. Thus, the trial court may and should formulate its own instructions where the requests do not adequately cover issues in the case. However, where these issues

were raised prior to closing argument, these too should be reviewed with counsel "in order to argue the facts in the light of the law as the court will charge the jury". 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 565. There is no good reason why the jury should get the benefit of an argument couched in terms of, and related to, the instructions it will receive only when those instructions have been requested by counsel.

Where, however, in the course of closing argument, counsel raises a brand new issue, an exception to this principle is mandated. Thus, in *United States v Shirley,* 435 F2d 1076 (CA 7, 1970), cited by my Brother the Chief Justice, counsel himself inserted the theory while delivering his closing argument, thus making it necessary for the trial judge to modify his charge to the jury. Since the situation which created the need for the new instruction did not arise until closing argument, it would have been impossible for the trial judge to notify counsel prior to that argument. This is precisely the situation before us today, and the reason why I find, under the facts before us, no error was committed.