PEOPLE v MERRIWEATHER

Docket No. 78-2407. Submitted September 4, 1979, at Grand Rapids.—
Decided November 6, 1979.

Kenneth L. Merriweather was convicted of armed robbery, Kent
Circuit Court, George V. Boucher, J. The judge had instructed
the jury on aiding and abetting despite the fact that the
prosecution failed to identify which of defendant's two compan-
ions committed the principal crime and that the prosecution
produced no evidence of discussions between the defendant and
the alleged principal concerning the crime. Defendant appeals
asserting that the trial court erred in submitting the question
of aiding and abetting to the jury by reason of the failure of the
prosecution to establish which of his companions committed the
principal crime and/or by reason of the failure of the prosecu-
tion to produce evidence of discussions by the defendant with
the principal concerning the crime. *Held:*

1. The prosecution need not establish which of defendant's
two companions was the principal in order to submit the
question of aiding and abetting to the jury. The prosecution
need only prove that someone committed the crime and that
defendant aided and abetted in the commission of the crime.
Since the prosecution established that one of defendant's two
companions committed the principal crime, the trial court
properly instructed the jury on aiding and abetting.

2. Where the prosecution establishes a defendant's requisite
intent by means of the defendant's actions and statements
made during the commission of the crime, it is proper to
instruct the jury on aiding and abetting despite the prosecu-
tion's failure to produce evidence of discussions between the
defendant and the alleged principal concerning the crime.

Affirmed.

1. CRIMINAL LAW — AIDING AND ABETTING — INSTRUCTIONS TO JURY.
An instruction to the jury on aiding and abetting is proper

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 119, 127.
75 Am Jur 2d, Trial § 724.
[2] 21 Am Jur 2d, Criminal Law § 123.

where, although the prosecution established that the principal crime was committed by one of defendant's two companions, the prosecution failed to identify which of defendant's two companions committed the principal crime; the prosecution need only prove that someone committed the crime and that defendant either committed or aided and abetted the commission of the crime.

2. CRIMINAL LAW — AIDING AND ABETTING — INTENT — EVIDENCE.

Conviction on the theory of aiding and abetting does not require evidence of discussions between the defendant and the alleged principal concerning the crime where defendant's requisite intent is adequately established by his actions and statements made during the commission of the crime.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for plaintiff.

*Buth, ·Wood & Weidaw* (by *George S. Buth* and *Stephen M. Tuuk),* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. Defendant was found guilty by a jury of armed robbery. MCL 750.529; MSA 28.797. He appeals and we affirm.

Defendant argues that it was error for the trial court to have instructed the jury on aiding and abetting since the prosecution's evidence did not identify which of defendant's two companions had committed the principal crime of armed robbery, though the prosecution did establish that the principal crime was committed by one of these two individuals.

In our opinion the evidence produced at trial was sufficient to establish which individual committed the principal crime, but even if defendant were correct on the facts his argument must fail.

In *People v Mann,* 395 Mich 472, 477-478; 236 NW2d 509 (1975), the Supreme Court provided the following guidance on the aiding and abetting instruction:

"In *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393 (1974), we reaffirmed the rule that a person may be prosecuted for aiding and abetting without regard to the conviction or acquittal of the principal. '[Aiding and abetting] comprehends all words or deeds which may support, encourage or incite the commission of a crime.' The conviction of the principal is not necessary to convict an accessory. What must be proven, however, is that the crime was committed by someone, and that the defendant either committed or aided and abetted the commission of that crime."

Even under the facts as represented by defendant, the evidence was sufficient for the jury to have found that the crime of armed robbery had been committed and that defendant had aided or abetted in its commission.

Defendant next argues that the trial court erred in instructing on aiding and abetting because the evidence was insufficient to establish that there was a "commonality of interest" between defendant and the principal perpetrator of the crime. Though defendant may be correct in his assertion that the prosecution produced no evidence of discussions between the defendant and the alleged principal concerning the crime, a showing of the requisite intent on the part of defendant was adequately made through circumstantial evidence. From defendant's actions and his statements during the commission of the offense, the jury could properly have concluded that defendant had aided and abetted the armed robbery. *People v Macklin,* 46 Mich App 297; 208 NW2d 62 (1973).

Affirmed.