*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ASHIA SHANAE WILSON-STEPP,

       Defendant-Appellant.

UNPUBLISHED
February 11, 2021

No. 349681
Ingham Circuit Court
LC No. 18-000201-FH

Before: BOONSTRA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant, Ashia Shanae Wilson-Stepp, appeals of right her jury-trial conviction of malicious destruction of personal property worth $1,000 to $20,000, MCL 750.377a(1)(b)(*i*). The trial court sentenced defendant to serve 75 days' imprisonment and 24 months' probation. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arose from an increasingly common occurrence, a dispute on Facebook. In December 2017, defendant and the victim argued on one of defendant's Facebook posts. The victim testified that defendant threatened to beat her up during that argument. In the early morning hours of December 4, 2017, following a bitter exchange on Facebook, the victim saw shadows coming out from behind her car, and she called one of her neighbors. The neighbor looked out her window and saw two people wearing dark clothing hunched down, or circling the vehicle. The neighbor was not able to identify either of the two people.

After speaking with her neighbor, the victim walked toward her vehicle and saw two people wearing dark clothing. The victim was able to see defendant's face, because defendant looked at the victim as she approached. After defendant and the other woman saw the victim, they ran toward a black Impala and drove away. The victim testified that defendant drove a black Impala with a rainbow bumper sticker, and that the car she saw pulling out of the parking lot had a rainbow bumper sticker. The victim looked at her vehicle, and saw that all the tires were flat and it was "gouged everywhere." She noticed later that someone had jammed food into the intake of her gas tank.

Defendant was convicted and sentenced as outlined above. This appeal ensued.

## II. ANALYSIS

On appeal, defendant first argues that the trial court erred by instructing the jury on aiding and abetting because there was insufficient evidence of aiding and abetting to support a jury instruction. Further, she argues that the prosecutor never requested an aiding and abetting instruction nor did the prosecutor argue that defendant was guilty of the charges based on a theory of aiding and abetting.

In their brief on appeal, the prosecution rebuts these arguments contending that it is not relevant whether the prosecution argued defendant was guilty under a theory of aiding and abetting. Rather, the prosecution argues, the relevant issue is whether there was sufficient evidence in the record to support the instructions given by the trial court.

We review de novo claims of instructional error. *People v Hartuniewicz*, 294 Mich App 237, 242; 816 NW2d 442 (2011). We "consider the instructions as a whole, rather than piecemeal, to determine whether any error occurred." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). This Court will not reverse when "the jury instructions fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Eisen*, 296 Mich App 326, 330; 820 NW2d 229 (2012) (quotation marks and citation omitted).

There must be evidence on the record to support a charge in order to instruct the jury on that offense. *People v Mann*, 395 Mich 472, 478; 236 NW2d 509 (1975). MCL 767.39 provides that a defendant may be convicted of an offense when he or she "procures, counsels, aids, or abets in its commission . . . ." The elements of aiding and abetting are:

(1) the underlying crime was committed by either the defendant or some other person, (2) the defendant performed acts or gave encouragement that aided and assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid or encouragement. [*People v Smielewski (On Remand)*, 235 Mich App 196, 207; 596 NW2d 636, (1999).]

A jury may be instructed on aiding and abetting when "there is evidence that (1) more than one person was involved in committing a crime, and (2) the defendant's role in the crime may have been less than direct participation in the wrongdoing." *People v Bartlett*, 231 Mich App 139, 157; 585 NW2d 341 (1998). A defendant may not be convicted of aiding and abetting an offense unless the guilt of a principal has been shown, but if the guilt of a principal is shown, a defendant may be convicted even if the identity of that principal is unknown. *People v Wilson*, 196 Mich App 604, 611; 493 NW2d 471, 475 (1992).

During jury deliberations, the jury inquired of the trial court: "Does the Prosecutor have to prove, beyond a reasonable doubt, that the Defendant, herself, damaged the vehicle, or is being present enough to be responsible? To be held responsible." The trial court then proposed giving the aiding and abetting instruction and the mere presence instruction, to which defendant objected, arguing, as she does on appeal, that there was insufficient evidence for an aiding and abetting instruction. The trial court found that there was sufficient evidence to support an instruction:

It would seem to me that there is a sufficient basis on the record to support that the persons who were seen sulking, was the term, sulking, was the term used by [a witness].[1] And the fact that there was an eye witness identification that people fled, ran upon Mrs. Benson arriving, and damage being done to the car at that point when there was no damage to the car when she parked it in a spot visible from her apartment.

The trial court then instructed the jury on aiding and abetting and mere presence.

Our Supreme Court has stated:

While requested instructions serve important functions in assisting the court to formulate its charge, the judge's power to instruct the jury is not limited to the mechanical acceptance or rejection of requested instructions. The court, of its own motion, may and should formulate instructions on issues in the case which were not covered by requests. The court may reject a request as not properly stating the law and still formulate a correct charge on the same subject if it is an issue which should go to the jury. *Mann,* 395 Mich at 479-480. (internal citations omitted).

Based on this holding in *Mann*, it is of little legal consequence that the prosecutor did not request an aiding and abetting instruction. It is also of little legal consequence that the prosecutor did not specifically argue a theory of aiding and abetting. Rather, the relevant inquiry is whether an aiding and abetting instruction was supported by evidence in the record. See *id*. at 478. ("Just as in other areas of jury instruction regarding which offenses might be considered by the jury, there must be evidence on the record to support such a charge").

Our review of the record leads us to conclude that there was sufficient evidence to support an aiding and abetting instruction. There was testimony from the victim and a neighbor that more than one person was involved in the malicious destruction of the victim's car. Both testified that they saw two people hunched down, or circling the vehicle, wearing dark clothing. The victim further testified that she saw two people by her vehicle, and that she thought a third person was driving a black Impala that the pair ran toward. Hence, there was testimonial evidence that two people, including defendant, may have participated in damaging the victim's vehicle, and a third person drove the getaway car.

Review of the record also reveals evidence that defendant's role in the damaging of the victim's car may have been less than direct participation. Neither the victim nor the neighbor testified that they saw defendant damaging defendant's car. Thus, while the victim identified defendant as being at the scene where her vehicle was vandalized, it was an open question as to

---

[1] Our review of the record reveals that the witness did not actually use the term "sulking" in her testimony at trial. Rather, the witness testified that she saw "two people hunched down, or circling the vehicle."

whether defendant directly damage to the victim's car by slashing the tires, gouging the paint, or putting a candy bar and salsa in the gas tank.

While we concur with defendant that she could not be convicted of aiding and abetting unless the guilt of another as principal was proven, *Wilson*, 196 Mich App at 611, however, again, the relevant inquiry here is whether the jury instruction on aiding and abetting was appropriate when, "there is evidence that (1) more than one person was involved in committing a crime, and (2) the defendant's role in the crime may have been less than direct participation in the wrongdoing." *Bartlett*, 231 Mich App at 157. As indicated above, there was sufficient evidence to warrant the aiding and abetting instruction. Accordingly, defendant is not entitled to relief on this issue.

Next, defendant argues that the trial court erred by allowing the prosecutor to ask defendant about her two prior charges of domestic violence and assault and battery. Defendant asserts that her alleged character testimony was about whether she would damage people's property; she never testified whether she would physically assault another person. The prior charges were for assaults involving domestic relations and were therefore irrelevant to defendant's impeccable character as to not damaging someone's property.

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251; 934 NW2d 693 (2019). A trial court abuses its discretion when its decision "falls outside the range of principled outcomes." *Id*. at 251-252. We review de novo whether evidence is inadmissible under the rules of evidence. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). A trial court also abuses its discretion when it "admit[s] evidence that is inadmissible as a matter of law." *Id*.

Character evidence is generally inadmissible if offered to prove a person acted in conformity with his or her character or a character trait on a particular occasion. MRE 404(a). However, when evidence of a pertinent character trait is properly offered by a criminal defendant, the prosecution's evidence rebutting that character trait is also admissible. MRE 404(a)(1). "Once a defendant has placed his character in issue, it is proper for the prosecution to introduce evidence that the defendant's character is not as impeccable as is claimed." *People v Vasher*, 449 Mich 494, 503; 537 NW2d 168 (1995). Under MRE 405(a), a party may inquire into "relevant specific instances of conduct" on cross-examination when evidence of a character trait is admissible. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Defendant argues that the trial court erred by allowing the prosecution to question her regarding her two prior charges, because those charges were irrelevant. It is important to note that in her appeal, defendant does not challenge the right of the prosecutor to introduce rebuttal evidence to show that the defendant's character is not as impeccable as was claimed. Rather, defendant challenges only the relevancy of the rebuttal evidence. Defendant contends that she claimed that her character was impeccable as to damaging property, or damaging the victim's property, but because she never placed in issue her character as to whether she would physically assault another person, that evidence was not relevant.

-4-

The record belies defendant's argument concerning the relevancy of the rebuttal evidence. During her trial testimony, defendant placed in issue her impeccable character for nonconfrontation as well as to damaging property. Defendant was asked about confrontation as well as damaging property on direct examination:

> *Q.* Did you ever it [sic] consider confronting her, damaging her property in any way, or damaging her vehicle?
>
> *A.* No.
>
> *Q.* Why not?
>
> *A.* That's just not something that I do. I mean, I got a child. I have a child. I have a lot of stuff to lose. I work hard for what I have. And you just don't go around doing that to people. It's been done to me before years ago. And just mainly things about my child, my son. You just don't go around doing people's stuff like that.

Defendant was asked whether she would confront the victim, as well as whether she would damage the victim's property, and she responded that she would not do those things. In her testimony, defendant attempted to portray herself as nonconfrontational as well as someone who would not damage another person's property.

We conclude that the two prior charges were relevant to rebut the character trait defendant put in issue, that she was nonconfrontational. The first charge the prosecutor asked defendant about was a 2015 charge of domestic violence against defendant's then-romantic partner. The second charge was an assault and battery charge from an incident between defendant and her wife from 2017. The fact that defendant had been arrested for physical altercations in the recent past tends to make it less probable that defendant generally did not confront people. Although the prior charges did not involve property damage, like this case, they were still relevant to rebut defendant's assertion that she was nonconfrontational. As our Supreme Court instructed in *Vasher*, 449 Mich at 503: "Once a defendant has placed his character in issue, it is proper for the prosecution to introduce evidence that the defendant's character is not as impeccable as is claimed," quoting *People* v *Johnson,* 409 Mich 552, 558-560; 297 NW2d 115 (1980). Here, the trial court did not err in the admission of the rebuttal evidence because such evidence was relevant to rebut the character trait of nonconfrontation that defendant put in issue on direct examination. [2] Accordingly, defendant is not entitled to relief on this issue.

---

[2] Defendant also argues that, if this Court determines that trial counsel put defendant's "general character" into issue, then trial counsel was ineffective. Defendant failed to identify this argument in her statement of questions presented, and she has therefore waived appellate review of this issue. MCR 7.212(C)(5); *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011). Additionally, we glean no error by defense counsel on which we could conclude that defendant was denied the effective assistance of counsel.

Affirmed.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Michelle M. Rick