818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnathon HOPSON, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 86-1155.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Johnathon Hopson petitions this court for a writ of habeas corpus claiming that the evidence introduced at his trial was insufficient to support a conviction for aiding and abetting second degree murder. For the following reasons, we grant Hopson's petition.
 
 
 2
 Hopson was convicted in June 1981 of second degree murder and possession of a firearm in the commission of a felony. He was sentenced to life imprisonment for the murder count and to two years for the felony firearm count. In January 1983, the Michigan Court of Appeals affirmed his conviction for second degree murder but vacated the firearm conviction. The Michigan Supreme Court denied his leave to appeal.
 
 
 3
 The standard for reviewing a conviction challenged on insufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 4
 The pertinent facts of this case are that in the early morning hours of October 10, 1979, Alfred Hagwood was fatally shot. The prosecution's sole witness who claimed personal knowledge of the shooting was Elaine Peterson. Peterson testified that just prior to the shooting she saw Hopson and Hagwood standing on a street corner arguing, although she also said she did not actually hear Hopson say anything. She then saw Fred Thompson arrive in a car and take a gun out of his trunk. She heard shots but could give no particulars as to the shooting itself. An off-duty policeman who also heard the shots observed Hopson leave an alley and walk to his house a short distance away. Hopson appeared to hand something to a person inside. The prosecution's theory was that because of the rapid succession of shots heard by witnesses, the shotgun used in the killing automatically ejected shell casings. No casings were found at the scene, therefore one could infer that the objects carried by Hopson were the spent shells.
 
 
 5
 Peterson also testified that earlier in the evening at a bar she had seen Hopson, Hagwood, and two others arguing about a radio which apparently Hagwood thought the others had stolen. She overheard someone tell Hagwood that "he wouldn't need a radio where he was going" but was unable to say if it was Hopson or one of his companions.
 
 
 6
 Second degree murder in Michigan is defined relative to first degree murder.
 
 
 7
 FIRST DEGREE MURDER-All murder which shall be perpetrated by means of poison, or lying in wait, or any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate any arson, rape, robbery or burglary, shall be murder of the first degree, and shall be punished by solitary confinement at hard labor in the state prison for life.
 
 
 8
 Mich. Comp. Laws Ann. Sec.750.316.
 
 
 9
 SECOND DEGREE MURDER-All other kinds of murder shall be murder of the second degree, and shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same.
 
 
 10
 Id. Sec.750.317.
 
 
 11
 The statutory offense of aiding and abetting is defined as:
 
 
 12
 Every person concerned in the commission of an offense, whether he directly commenced the act constituting the offense or procures, counsels, aids, or abets in its commission, may hereafter be prosecuted, indicted, tried and on conviction, shall be punished as if he had directly committed such offense.
 
 
 13
 Id. Sec. 767.39. Under Michigan law there is no longer a distinction between accessories before the fact and principals; however, Michigan still recognizes the common law offense of accessory after the fact. People v. Williams, 117 Mich. App. 505, 513, 324 N.W.2d 70 (1982). A person cannot be convicted as an aider and abettor on the basis that he was an accessory after the fact. People v. Lucas, 402 Mich. 302, 303, 262 N.W.2d 662 (1978).
 
 
 14
 In order to be guilty of aiding and abetting, "the accused must take some conscious action designed to make the criminal venture succeed ...." Fuller v. Anderson, 662 F.2d 420, 424 (6th Cir. 1981) (citing People v. Cooper, 326 Mich. 514, 40 N.W.2d 708 (1950) and People v. Gordon, 60 Mich. App. 412, 231 N.W.2d 409 (1975)). The defendant's mere presence, even with the knowledge that a crime is being committed or is about to be committed, is not enough to make him an aider and abettor, "nor is mere mental approval sufficient, nor passive acquiescence or consent." Fuller, 662 F.2d at 424 (quoting People v. Burrel, 253 Mich. 321, 323, 235 N.W.2d 170 (1931)).
 
 
 15
 In reviewing the facts of this case in the light most favorable to the prosecution we are unable to conclude that a rational jury could find beyond a reasonable doubt that Hopson participated as an aider and abettor in the shooting. The testimony of Peterson indicates at most that Hopson was present at the shooting, that he may have argued with the victim during the evening prior to the shooting, that he may have known that someone else intended to harm Hagwood, and that he may hav taken the empty shell casings after the shooting.
 
 
 16
 No proof was given that Hopson acted in pre-concert with Thompson to commit the murder or that he said or did anything to "support, encourage, or incite the commission of the crime." People v. Palmer, 392 Mich. 370, 378, 220 N.W.2d 393 (1974). His alleged statements at the bar and on the street corner, while showing animus towards the victim, cannot be construed as providing encouragement to the principal. Hopson's actions following the shooting may have made him an accessory after the fact but this cannot form the basis for a conviction as aider and abettor.
 
 
 17
 We find the evidence presented against Hopson insufficient to establish beyond a reasonable doubt that he took conscious action to aid in the shooting. Accordingly, the petition for writ of habeas corpus is granted.