# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MICHAEL VAN MACKINS,

       Defendant-Appellant.

UNPUBLISHED
December 22, 2015

No. 323028
Kalamazoo Circuit Court
LC No. 2013-001842-FH

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant Michael Van Mackins was convicted of unlawful imprisonment, MCL 750.349b, and assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a). The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 6 to 20 years' imprisonment for both offenses. Defendant appeals as of right. We affirm.

I

This case arises out of a visit between defendant and the victim, wherein the victim ended up being stabbed in the chin and cheek. At the time of trial, the victim testified that she had no recall of the events. Thus, the trial court deemed her unavailable to testify under MRE 804 and allowed the prosecutor to admit as evidence and play for the jury a DVD of the victim's preliminary examination testimony. In her preliminary examination testimony, the victim stated that she and defendant have a child together. At the time of the incidents in question, defendant was in town from Illinois visiting her and the child. During the visit, defendant expressed concerns that the victim was "setting him up," mentioned that he was going to blow up her apartment, and held the victim captive in her home for a period of time while clutching a steak knife. During a car ride the next day, in which she was hoping to drop defendant off at the train station so he would leave, defendant tried to cut her neck but she moved, and he stabbed her in the cheek and chin. She reached for the knife and attempted to remove it from defendant's hand, sustaining cuts in the process. The victim, who had been driving at the time, took the keys out of the ignition and exited the car while it was still slowly moving. She removed her child from the back seat while screaming for help.

Two occupants of a nearby car testified that they came upon the scene and let the bloodied victim and her child take refuge in their car. When defendant approached, one of the

-1-

occupants held up his cell phone and informed defendant that he had just called the police. Defendant ran away, but was tracked down and arrested by police, sustaining a gunshot wound in the process. Other witnesses testified to defendant's odd behavior, his possession of a knife, the condition of the apartment as it correlated with the victim's testimony regarding the events, the aftermath of the stabbing including defendant's arrest, and the victim's injuries, which were photographed and admitted as evidence.

Defendant testified to an entirely different version of events, claiming that the visit started out well, but that the victim was upset over defendant's communications with another woman, so she slapped and punched him. He testified that he perceived a threat from a text message sent to the victim from a man the victim knew. He felt like his life was in danger. Although he denied having a knife in the victim's apartment, he testified that he picked up a knife the next day when they were at the victim's friend's house. He claimed that while at a McDonald's restaurant with the victim, two suspicious people walked past the car, and the victim was on the telephone giving people "locations and all type of stuff like that." He also testified that he had previously been "stalked" at that McDonald's by the individual who had texted the victim the prior day. Defendant further testified that he thought that the victim "brought [him] [to McDonald's] for a reason and something was going to happen," so he told her to leave. Defendant denied threatening the victim with the knife, but testified that it was in his hand because he was scared. Defendant contended that he placed the knife down to use the victim's phone when she snatched the knife. He tried to grab it and was cut on the top of his hand. He got the knife back and the victim jumped out of the car. Defendant claimed that at the time he was arrested, he thought the arresting officer, who he said was in plain clothes, was someone the victim had contacted to hurt him, so he reached for the officer's gun and was shot.

Defendant requested a jury instruction regarding self-defense, which the trial court denied. The jury convicted defendant as noted above.

II

Defendant first argues that the trial court erred in finding that the victim was unavailable under MRE 804 and in admitting her preliminary examination testimony at trial. A trial court's evidentiary decision is reviewed for an abuse of discretion. *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. at 722-723. Any questions of law regarding admissibility are reviewed de novo. *Id*. at 723. Defendant also argues that the admission of this testimony violated the Confrontation Clause. We review this unpreserved constitutional issue for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 762-765; 597 NW2d 130 (1999).

"Former testimony is admissible at trial under both MRE 804(b)(1) and the Confrontation Clause as long as the witness is unavailable for trial and was subject to cross-examination during the prior testimony." *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009), citing MRE 804(b)(1) and *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004). Under MRE 804(a)(3), a witness is unavailable if he "has a lack of memory of the subject matter of the declarant's statement."

Here, the prosecutor, defense counsel, and the trial court questioned the victim and she repeatedly maintained that she could not remember the incident or her previous testimony. Furthermore, the victim testified that she stopped taking prescription medicine, which apparently caused her to not remember the events surrounding the incident or the preliminary examination. Therefore, the victim had "a lack of memory of the subject matter of the declarant's statement," which constitutes unavailability under MRE 804(a)(3). We find defendant's citation to *People v Williams*, 117 Mich App 505, 510; 324 NW2d 70 (1982), unpersuasive. MRE 804 and binding caselaw do not require that the prosecutor try to refresh the witness's memory with her previous testimony. The witness repeatedly maintained that she could not remember the events or her previous testimony. Thus, the victim was unavailable under MRE 804(a)(3).

Next, when a witness is unavailable, "testimony given by the person at an earlier hearing is not excluded by the hearsay rule if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony through cross-examination." *People v Meredith*, 459 Mich 62, 66-67; 586 NW2d 538 (1998), citing MRE 804(b)(1). Here, defendant had an opportunity to cross-examine the victim at defendant's preliminary examination, and defense counsel did so. There was a similar motive to develop the victim's testimony. Therefore, because the witness was unavailable, and because defendant had "both the 'opportunity' and a 'similar motive' to develop" the victim's testimony, her preliminary examination testimony was admissible under MRE 804. *Id.* at 66-67. Further, for these same reasons, the Confrontation Clause is satisfied. *Garland*, 286 Mich App at 7, citing MRE 804(b)(1) and *Crawford*, 541 US 36. We find defendant's argument premised on *Ohio v Roberts*, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980), which was overruled by *Crawford*, 541 US 36, unpersuasive. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 541 US at 68-69. As discussed above, the Confrontation Clause was not violated, and defendant has not demonstrated plain error.

III

Defendant next argues that he was denied the right to present a defense and the right to have a properly instructed jury when the trial court determined that a self-defense jury instruction was inapplicable to the case. "Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). With respect to defendant's constitutional argument that the lack of an instruction denied him the right to present a defense, generally, "[t]his Court reviews de novo whether defendant suffered a deprivation of his constitutional right to present a defense." *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009). However, because defendant failed to preserve the issue, this Court reviews the matter for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 762-765.

To be entitled a jury instruction on an affirmative defense, a defendant must first "produce some evidence on all elements of the defense." *People v Crawford*, 232 Mich App 608, 620; 591 NW2d 669 (1998). "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions." *People v Heflin*, 434 Mich 482, 503; 456 NW2d 10 (1990). See also *People v Lemons*, 454 Mich 234, 246 n 15; 562 NW2d 447 (1997) (defining an "affirmative defense" as "one that admits the doing of the act charged, but seeks to justify, excuse, or mitigate it . . .") (quotation marks and citations omitted). MCL 780.972(2) provides the self-defense rule for non-deadly force:

> (2) An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

On appeal, defendant cites to *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978) (holding that "[a] defendant need not take the stand and testify in order to merit an instruction on self-defense"), to support his argument that there was sufficient evidence to warrant a self-defense instruction. However, we find defendant's case distinguishable from *Hoskins* because defense counsel did not advance a theory of self-defense during voir dire or during opening statements. More importantly, there was no evidence that defendant was faced with an imminent threat of force when he assaulted the victim. While defendant testified that the victim slapped and punched him, this occurred the day before the defendant stabbed the victim. And, while defendant testified that the victim took the knife after he set it down, he did not testify that she threatened him with it. Further, defendant offered no evidence that he acted intentionally when he stabbed the victim—his testimony implies that the stabbing never occurred. As the prosecutor argues on appeal, "one cannot act in self-defense without committing the 'act.' " There was also no evidence that defendant faced *imminent* unlawful force when he unlawfully imprisoned the victim. Therefore, the trial court did not abuse its discretion in determining that the jury instruction was inapplicable to the facts of this case. *Dobek*, 274 Mich App at 82. See also *Heflin*, 434 Mich at 503.

Further, because the evidence did not support a self-defense theory, and because there was no "instructional error," defendant was not denied the constitutional right to present a defense. Cf. *People v Kurr*, 253 Mich App 317, 326-327; 654 NW2d 651 (2002) ("Instructional *errors* that directly affect a defendant's theory of defense can infringe a defendant's due process right to present a defense.") (Emphasis added). See also *People v Kowalski*, 492 Mich 106, 139; 821 NW2d 14 (2012) (explaining that the right to present a defense "is not an absolute right, and [t]he accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence") (quotation marks and citation omitted). There was no plain constitutional error.

IV

Defendant next argues that prosecutorial misconduct denied him the right to a fair trial, improperly shifted the burden of proof, and denied him the right to remain silent. "In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Here, defendant did not do so. Thus, his claims of prosecutorial misconduct are unpreserved, and we review them for plain error that affects defendant's substantial rights. *People v Thomas*, 260 Mich App 450, 453; 678 NW2d 631 (2004). Claims "of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *Bennett*, 290 Mich App at 476.

Addressing defendant's burden shifting argument, "shifting the burden of proof or persuasion on an element of the crime charged violates due process." *People v Fields*, 450 Mich 94, 113; 538 NW2d 356 (1995). However, "attacking the credibility of a theory advanced by a defendant does not shift the burden of proof." *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005). Further, where a defendant "takes the stand and testifies in his own defense, his credibility may be impeached and his testimony assailed like that of any other witness . . ." *Fields*, 450 Mich at 110 (quotation marks and citation omitted).

Defendant takes issue with the following remarks by the prosecutor during the closing arguments:

> This is about credibility and common sense and what is reasonable. You can either believe the victim and the evidence that corroborates her, or you can believe the defendant with no corroborating evidence.
>
> He didn't call any witnesses about his injuries. He didn't have any photographs of them. He didn't produce anybody who knew about any of these stalking events or any of these threats. Didn't produce the texts that allegedly made him so paranoid.

Here, reading the prosecutor's statements in context, the prosecutor was merely commenting on the weaknesses in defendant's case and arguing that the evidence supported the victim's version of events. Therefore, the prosecution did not improperly shift the burden of proof. *Id*. at 110-112. See also *McGhee*, 268 Mich App at 635. Moreover, the jury was instructed that defendant was presumed innocent until proven guilty beyond a reasonable doubt and that the lawyer's arguments were not evidence, and "[j]urors are presumed to follow the instructions of the court." *People v Meissner*, 294 Mich App 438, 457; 812 NW2d 37 (2011). Thus, even if there was an error, reversal would not be required. *Id*. See also *Bennett*, 290 Mich App at 476.

Defendant also asserts that the prosecutor's statements were "unfair" because defendant was arrested and was unable to photograph his injuries. Defendant cites no authority to support his contention that the prosecutor's argument was "unfair." Ultimately, the prosecutor stated a fact—defendant did not submit photographs. And, the prosecutor was allowed to comment on the weaknesses of defendant's claim. *Fields*, 450 Mich at 110.

Finally, defendant's statement of the questions presented raises an issue relating to his right to remain silent. However, defendant's actual argument is limited to prosecutorial misconduct and shifting the burden of proof—defendant's argument contains no discussion related to the right to remain silent. Where a defendant raises an issue in his statement of questions presented but fails to argue the merits of the issue in his brief, the issue is abandoned. *People v Anderson*, 209 Mich App 527, 538; 531 NW2d 780 (1995).

Affirmed.

/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra