PEOPLE v LUCAS

Docket No. 60353. Decided February 27, 1978. On application by
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the defendant's conviction
and remanded to the trial court for further proceedings.

Alverno M. Lucas was convicted by a jury in Monroe Circuit
Court, James J. Kelley, Jr., J., of burglary and assault with
intent to commit murder. The proofs presented by the people
tended to show that the defendant had participated with a
companion in a burglary and that the defendant assisted in the
companion's escape. The defendant testified that he had not
participated in the crime. The trial court instructed the jury
that an accessory after the fact may be convicted of the crime
as a principal under the aiding and abetting statute. The Court
of Appeals, Quinn, P. J., and Bronson and M. J. Kelly, JJ.,
affirmed as to the burglary conviction and reversed as to the
assault conviction in an unpublished per curiam opinion
(Docket Nos. 23713, 25066). Defendant applies for leave to
appeal. *Held:*

An accessory after the fact is not an aider and abettor under
the statute. The statutory language "concerned in the commis-
sion of an offense" does not include those who assist after the
fact of the crime. Were the jury to have disbelieved, in this
case, that the defendant either committed or aided and abetted
the burglary, it still could have convicted the defendant on the
basis that he assisted in his companion's escape. The instruc-
tion given to the jury is erroneous. The defendant's conviction
of burglary is reversed and the case is remanded to the trial
court for further proceedings.

Reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Michael W.
LeBeau,* Prosecuting Attorney (by *Leslie J. Near-
pass,* Special Prosecuting Attorney), for the people.

*William A. Garrett* for defendant.

PER CURIAM. The issue upon which this case is to be resolved is whether a person may be convicted of a crime as an aider and abettor on the basis that he was an "accessory after the fact". We hold that such an accessory is not an aider and abettor under the statute[1] and that defendant Lucas's conviction of burglary must be reversed.

At trial, the prosecution's proofs tended to show that Lucas and a companion burglarized the home of Constance Harvell in Carleton (Monroe county). Mrs. Harvell returned home while the burglary was in progress. The burglars left the house while Mrs. Harvell was standing in front of the house. Lucas's companion shot Mrs. Harvell twice. After the shooting, Lucas said "let's get out of here" and the pair fled, the companion taking Mrs. Harvell's purse just before the flight began. Lucas's companion drove the automobile as the two fled. The pair were apprehended after a four-mile chase in Washtenaw county, northwest of Carleton, the same evening as the burglary. Defendant Lucas testified, saying that he had no idea what his companion intended to do before they reached Mrs. Harvell's house, that he shouted at his companion while outside the house during the burglary, and that he was the one who stopped the pair's car in the police chase. A jury found Lucas guilty of burglary of an occupied dwelling house[2] and assault with intent to murder.[3] The Court of Appeals reversed the assault conviction but affirmed the burglary conviction in a per curiam opinion on May 5, 1977.

At issue now is an instruction concerning the relationship between aiding and abetting, and accessories after the fact. After reading the statute

[1] MCLA 767.39; MSA 28.979.
[2] MCLA 750.110; MSA 28.305.
[3] MCLA 750.83; MSA 28.278.

on aiding and abetting,[4] the trial judge said:

"Under this law where more than one person partici-
pates in the commission of a crime or is charged with
such participation, one is responsible for the acts of
another under either or both of two situations.

"First; he is responsible for the acts of the other
person if he knowingly and materially rendered aid or
assistance in the acts, or the acts were done pursuant to
an understanding between the persons or they were
done in furtherance of a common purpose.

*"Second; he is also responsible for the acts of the
other person after a crime has been committed, pro-
vided that with knowledge the crime has been commit-
ted by the other person, either he assists that other
person or he in any manner aids the other person to
escape arrest or to escape punishment."* (Emphasis
added.)

Thus, in the italicized portion of the charge, the
trial judge said that an accessory after the fact
could be guilty, as a principal, because of the
aiding and abetting statute. Were the jury to have
disbelieved, in this case, that Lucas either commit-
ted or aided and abetted the burglary, it still could
have convicted Lucas on the basis that he aided
the burglary by assisting in the escape. We hold
this to be error.

An "accessory after the fact", at common law,
according to Professor Perkins, is "one who, with
knowledge of the other's guilt, renders assistance
to a felon in the effort to hinder his detection,
arrest, trial or punishment".[5] No case decided by
this Court has construed the aiding and abetting

---

[4] "Every person concerned in the commission of an offense, whether
he directly commits the act constituting the offense or procures,
counsels, aids, or abets in its commission may hereafter be prose-
cuted, indicted, tried and on conviction shall be punished as if he had
directly committed such offense."

[5] Perkins, Criminal Law (2d ed), p 667.

statute to include accessories after the fact. In *People v Wilborn,* 57 Mich App 277, 282; 225 NW2d 727 (1975), *lv den* 394 Mich 809 (1975), it was held, without citation of authority, that it was error to instruct a jury that a defendant might be guilty as a principal of an offense if he was an accessory after the fact. We believe *Wilborn* was correctly decided, and construe the language of MCLA 767.39; MSA 28.979—"concerned in the commission of an offense"—as not including those who assist after the fact of the crime.[6] Instead of being charged as a principal, an accessory after the fact might be charged under MCLA 750.505; MSA 28.773.

Therefore, on considering Lucas's application for leave to appeal, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the burglary conviction and remand the cause for further proceedings in the trial court.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[6] This is consistent with *People v Gould,* 384 Mich 71, 77; 179 NW2d 617 (1970) (opinion by KELLY, J.):

"The distinction between *accessories before the fact* and principals has been abrogated by statute so that one who counsels, aids or abets in the commission of an offense may be tried and convicted as if he had directly committed such offense." (Emphasis added.)

See, also, 1 Michigan Criminal Jury Instructions (Ann Arbor: Institute of Continuing Legal Education, 1977), Commentary, pp 8-23–8-25.