PEOPLE v KARST

Docket No. 57110. Submitted May 10, 1982, at Lansing.—Decided July 13, 1982. Leave denied, 414 Mich 927.

Danny R. Karst was convicted by a jury in the Livingston Circuit Court, Bert M. Hensick, J., of breaking and entering an occupied dwelling with intent to commit a larceny. Subsequently, the trial judge found him guilty of being a third-time felony offender and sentenced him to a term of from 10 to 30 years imprisonment. Defendant appeals alleging error in the court's reinstruction to the jury which permitted them to find him guilty of aiding and abetting even if he was merely an accessory after-the-fact. *Held:*

1. The trial court's reinstruction on aiding and abetting constituted reversible error, since under those instructions defendant could have been found guilty based upon his mere presence in the vicinity of the crime and upon an intention, formed after the commission of the substantive offense, to aid the perpetrators of that offense.

2. An accessory after-the-fact is one who, with knowledge of the other's guilt, renders assistance to a felon in the effort to hinder his detection, arrest, trial, or punishment.

3. To be convicted as an aider and abettor, a defendant must either himself possess the required intent to commit the substantive offense or participate while knowing that his coparticipant possessed the requisite intent.

4. It is error to instruct a jury that a defendant might be guilty as a principal of an offense if he was an accessory after-the-fact.

5. The jurors could have found defendant guilty of aiding and abetting depending on what testimony they chose to believe.

6. The jury seems to have believed that the defendant did not

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 167, 175.
[2] 21 Am Jur 2d, Criminal Law §§ 167, 171.
[3, 5-7] 21 Am Jur 2d, Criminal Law § 174.
[4, 7] 75 Am Jur 2d, Trial § 724.
[5] 21 Am Jur 2d, Criminal Law § 168.

know a crime was going to occur. Thus, his mere presence in the car in the vicinity of the crime would be insufficient to find him guilty as an aider or abettor. Rather, if he learned of the substantive offense after its occurrence and only then aided the perpetrators in escape, he would, at most, merely be an accessory after-the-fact, which must be charged in a separate count and was not in this case.

Reversed and remanded for a new trial.

CYNAR, J., concurred in the result but disagreed with the majority's holding that the trial court's reinstruction on aiding and abetting constituted reversible error. It was his belief that the instruction was adequate but that the court should additionally have instructed by differentiating aiding and abetting from being an accessory after-the-fact and instructed on the applicability or nonapplicability of each under the facts and circumstances found in this case.

OPINION OF THE COURT

1. CRIMINAL LAW — AIDING AND ABETTING.

The conviction of a principal to a crime is not necessary for the conviction of a person for aiding and abetting; however, the prosecution must prove that the crime was committed by someone and that the defendant either committed or aided and abetted the commission of that crime.

2. CRIMINAL LAW — AIDING AND ABETTING — INTENT.

A defendant must either himself possess the required intent to commit the substantive offense or participate while knowing that his coparticipant possessed the requisite intent in order to be convicted as an aider and abettor, and such intent or knowledge may be inferred from circumstantial evidence; however, a defendant's mere presence at the scene of a crime is not enough, in and of itself, to make him an aider and abettor.

3. CRIMINAL LAW — ACCESSORY AFTER-THE-FACT.

An accessory after-the-fact is one who, with knowledge of the other's guilt, renders assistance to a felon in the effort to hinder his detection, arrest, trial, or punishment.

4. CRIMINAL LAW — JURY INSTRUCTIONS — ACCESSORY AFTER-THE-FACT.

It is error to instruct a jury that a defendant might be guilty as a principal of an offense if he was an accessory after-the-fact.

5. CRIMINAL LAW — ACCESSORY AFTER-THE-FACT — AIDING AND ABET-
    TING.

    An accessory after-the-fact is not an aider or abettor under the
    statute regarding abolition of the distinction between an acces-
    sory and a principal; rather than being charged as a principal,
    an accessory after-the-fact may be charged under the statute
    regarding indictable, common-law offenses for which a punish-
    ment is not fixed by statute (MCL 750.505, 767.39; MSA 28.773,
    28.979).

6. CRIMINAL LAW — AIDING AND ABETTING — ACCESSORY AFTER-THE-
    FACT.

    A defendant should be separately charged as an aider and abettor
    and as an accessory after-the-fact in an action where either
    count could be supported by the evidence depending on what
    evidence the jury believes.

CONCURRENCE BY CYNAR, J.

7. CRIMINAL LAW — JURY INSTRUCTIONS — AIDING AND ABETTING —
    ACCESSORY AFTER-THE-FACT.

    *A trial court should give jury instructions on aiding and abetting
    and on being an accessory after-the-fact and should differenti-
    ate between the two crimes and instruct on the applicability or
    nonapplicability of each under the facts and circumstances of
    the case in a case where the testimony could support either
    charge depending on the testimony the jury believes.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Frank R. Del Vero,*
Prosecuting Attorney, and *Leonard J. Malinowski,*
Assistant Attorney General, for the people.

*Peter L. Conway,* for defendant.

Before: ALLEN, P.J., and CYNAR and C. J. FALA-
HEE,* JJ.

PER CURIAM. Defendant was convicted by a jury
of breaking and entering an occupied dwelling
with intent to commit a larceny, MCL 750.110;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.305. Subsequently, he was found guilty by the trial judge of being a third-time felony offender, MCL 769.11; MSA 28.1083, MCL 769.13; MSA 28.1085. He was sentenced to a term of from 10 to 30 years imprisonment and now appeals as of right.

On the morning of October 18, 1980, defendant was released from a Pontiac hospital where he had been treated for an injury suffered while cleaning a hunting rifle. Sometime after his release, he began consuming copious amounts of alcohol and drugs and continued to do so until about 9 a.m. the next day. At that time, defendant and two accomplices began driving around in a borrowed car. Defendant was in the back seat asleep or passed out. The accomplices had discussed committing a breaking and entering in Brighton or Howell earlier that day and the previous day. Upon arriving at a house in Howell, the accomplices awoke defendant. They asked him to drive around for five minutes and then come back to pick them up. Defendant's accomplices broke into the house and an alarm went off. The accomplices ran into a cornfield and did not see defendant again that day. Meanwhile, defendant drove past the house again and shortly thereafter was arrested by the state police. Subsequently, defendant was charged with breaking and entering and being a third-time felony offender.

On appeal, defendant raises two issues, one of which is dispositive.

At trial, after the jury had been deliberating for awhile, the following occurred:

*"The Court:* Let the record show I have received a note from the jury. It says, 'Concerning interpretation of the law, if a person didn't realize that a B&E was going to occur, but realized one had occurred, and then

intended (but didn't succeed) assisting in the escape, is that person guilty of aiding and abetting?"

"Ladies and gentlemen, I can't answer that type of question for you. To do so would have me participate in your deliberations. I will read to you again the instructions I gave you on aiding and abetting.

"It is charged in this case that Danny Karst did not directly commit the crime, but he intentionally aided or assisted another in the commission of that crime. All persons who aid or assist in the commission of a crime are as liable as if they had directly committed the crime and may be convicted of the principal offense or as an aider and abetter.

"Before you may convict, you must be convinced of the following beyond a reasonable doubt:

"First, the crime charged must have been committed either by the defendant or some other person;

"Second, the defendant must have performed an act or given encouragement which aided or assisted the commission of that crime, either before or at the time of the commission of the crime;

"Third, the defendant must have intended the commission of the crime charged at the time of giving the aid or encouragement. It does not matter how much aid, advice or encouragement was given; however, you must find that the defendant intended the commission of the crime and that the aid, advice or encouragement the defendant gave, did, in fact, aid, advise or encourage the commission of the crime.

"In answer to your question, additionally I would only add, I suppose you must discuss and decide whether the escape from the crime is part of the commission of a crime, and that is for your decision, along with every other fact situation in this case."

After the jury again retired, defense counsel objected "to the last comment" as being "prejudicial" to the defendant and moved for a mistrial. The motion was denied.

Essentially, defendant claims that the last paragraph of the reinstruction permitted the jury to

find him guilty of aiding and abetting, contrary to MCL 767.39; MSA 28.979, even if he was merely an accessory after-the-fact. We agree.

A person may be prosecuted for aiding and abetting without regard to the conviction or acquittal of the principal. *People v Mann,* 395 Mich 472, 478; 236 NW2d 509 (1975). All that need be proved is that the crime was committed by someone and that the defendant either committed or aided and abetted the commission of that crime. *Id.* To be convicted as an aider and abettor, a defendant must either himself possess the required intent to commit the substantive offense or participate while knowing that his coparticipant possessed the requisite intent. *People v Triplett,* 105 Mich App 182; 306 NW2d 442 (1981). Either a defendant's intent or his knowledge that his coparticipant had the necessary intent may be inferred from circumstantial evidence. *Id.,* 188. However, a defendant's mere presence at the scene of a crime is not enough, in and of itself, to make him an aider and abettor:

"Mere presence, even with knowledge that an offense is about to be committed or is being committed, is not enough to make a person an aider or abettor or a principal in the second degree nor is mere mental approval, sufficient, nor passive acquiescence or consent." *People v Burrel,* 253 Mich 321, 323; 235 NW 170 (1931), quoting 1 Cyc Crim Law (Brill), § 233.

On the other hand, it is clear that an accessory after-the-fact is not an aider or abettor under MCL 767.39; MSA 28.979. Rather, as noted by the Court in *People v Lucas,* 402 Mich 302, 304; 262 NW2d 662 (1978):

"An 'accessory after the fact', at common law, * * *

is 'one who, with knowledge of the other's guilt, renders assistance to a felon in the effort to hinder his detection, arrest, trial or punishment'."

Further, it is error to instruct a jury that a defendant might be guilty as a principal of an offense if he was an accessory after-the-fact. *Id.*, 305. See, also, *People v Wilborn,* 57 Mich App 277; 225 NW2d 727 (1975), *lv den* 394 Mich 809 (1975). Rather than being charged as a principal, an accessory after-the-fact may be charged under MCL 750.505; MSA 28.773. *Lucas, supra,* 305.

The distinction between aiders and abettors and accessories after-the-fact is not always clear, and, given the facts, even less so in this case. Acts undertaken subsequent to the commission of a breaking and entering do not necessarily limit a defendant's liability to that of an accessory after-the-fact, as consideration must be taken of the intent of the actors. It is a question of fact whether a particular act or crime committed was fairly within the intended scope of the common criminal enterprise or was concerned with the commission of the offense. *People v Wirth,* 87 Mich App 41; 273 NW2d 104 (1978), and *People v Boose,* 109 Mich App 455; 311 NW2d 390 (1981).

In the instant case, it is unclear at what point defendant learned that a crime was going to be, or had already been, committed. In his written statement to the police, defendant claimed that upon being awakened by the accomplices and asking what was happening, "they said they where *[sic]* going to break into a house, and to come back and pick them up in 5 minutes". However, at trial, the accomplices specifically denied ever mentioning a breaking and entering to defendant, claiming only to have told him to pick them up in five minutes, and defendant stated numerous times that the

accomplices did not tell him what they were going
to do and he did not know. Yet, defendant knew
about a possible breaking and entering when he
was stopped by the police.

Given the conflicting evidence, the jury could
have found that defendant possessed the specific
intent to commit the substantive offense or that he
participated in the commission of that offense
while knowing that one of the accomplices pos-
sessed such intent. Further, the jury could have
found that the act of driving around before picking
up the accomplices was an act fairly within the
intended scope of the criminal enterprise and was
concerned with the commission of the offense. In
short, the jurors could have found defendant guilty
of aiding and abetting depending on what testi-
mony they chose to believe.

However, the question submitted by the jury
seems to indicate that it did not believe defendant
knew a crime was going to occur. Thus, his mere
presence in the vehicle in the vicinity of the crime
would be insufficient to find him guilty as an aider
or abettor. *People v Burrel, supra.*

Although the trial court's reinstruction on es-
cape was correct, as far as it went, it undoubtedly
confused the jury and did not answer its question.
Rather, if defendant learned of the substantive
offense after its occurrence and only then aided
the perpetrators in escape, he would, at most,
merely be an accessory after-the-fact. *Lucas, supra,*
304-305. Further, such must be charged in a sepa-
rate count and was not in this case. *People v
Bargy,* 71 Mich App 609, 616-617; 248 NW2d 636
(1976).

Consequently, the trial court's reinstruction on
aiding and abetting constituted reversible error,
since under those instructions defendant could

have been found guilty based upon his mere presence in the vicinity of the crime and upon an intention, formed *after* the commission of the substantive offense, to aid the perpetrators of that offense.

Reversed and remanded for a new trial.

CYNAR, J. *(concurring).* While concurring in result, I must respectfully disagree that the trial court's reinstruction on aiding and abetting constituted reversible error. The instruction on aiding and abetting was adequate. The jurors could have found defendant guilty of aiding and abetting depending on the testimony the jury believed.

However, while the trial court's additional instruction, in answer to the question asked by the jury, is correct insofar as it was stated, it does not fully answer the jury's question. The court should additionally have instructed by differentiating aiding and abetting from being an accessory after-the-fact and instructed on the applicability or nonapplicability of each under the facts and circumstances found in this case. See *People v Bargy,* 71 Mich App 609, 614-617; 248 NW2d 636 (1976).