PEOPLE v MITCHELL

Docket No. 74620. Submitted June 11, 1984, at Detroit.—Decided July
27, 1984.

Defendant, Verneida Mitchell, was bound over for a trial in the
Detroit Recorder's Court on a charge of second-degree murder.
During her preliminary examination the examining magistrate
held that statements made by the defendant to the police must
be suppressed from evidence as the fruit of an arrest without
probable cause. The prosecutor then brought a motion *in limine*
in the Recorder's Court to obtain a ruling relative to the
admissibility of the statements. Following a hearing, the court,
Michael F. Sapala, J., held that the defendant had been ar-
rested without probable cause and ordered her statements to be
suppressed. The people appeal by leave granted from that
determination. *Held:*

1. Evidence available to the arresting officer was not suffi-
cient to constitute probable cause to believe that defendant had
killed the deceased. However, indications that she had been, at
least, an accessory after the fact were considerably stronger.
Under the factual circumstances presented to the officer, it was
prudent and reasonable to conclude that defendant had been an
accessory after the fact and had been involved in an effort to
destroy evidence.

2. The trial court erred in determining that the arresting
officer did not have probable cause to arrest the defendant.

Reversed and remanded.

1. CRIMINAL LAW — ARREST — PROBABLE CAUSE.

The existence of probable cause to arrest depends in every case
upon the peculiar circumstances confronting the arresting offi-
cer; courts review an officer's determination of probable cause
by asking whether a person of reasonable prudence and cau-
tion, not a legal scholar, would determine whether the person
arrested had committed a felony.

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 6, 7] 5 Am Jur 2d, Arrest §§ 44-49.
  21 Am Jur 2d, Criminal Law § 412.
[4, 5] 21 Am Jur 2d, Criminal Law § 174.
[8] 5 Am Jur 2d, Appeal and error §§ 268, 881, 883.

2. CRIMINAL LAW — ARREST — PROBABLE CAUSE.
A reviewing court will not isolate facts or beliefs from their surrounding circumstances in determining whether the facts available to an officer at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony, thus providing probable cause for an arrest.

3. CRIMINAL LAW — ARREST — PROBABLE CAUSE.
An arrest can be made where probable cause exists to believe that a suspect is guilty of one of several alternative felonies; it is not necessary for the arresting officer to specify the one felony as to which probable cause exists.

4. CRIMINAL LAW — COMMON LAW — ACCESSORY AFTER THE FACT.
Being an accessory after the fact is a common-law felony in Michigan (MCL 750.505; MSA 28.773).

5. CRIMINAL LAW — COMMON LAW — ACCESSORY AFTER THE FACT.
An accessory after the fact, at common law, is one who, with knowledge of another's guilt, renders assistance to him in the effort to hinder his detection, arrest, trial or punishment.

6. CRIMINAL LAW — ARREST — PROBABLE CAUSE.
The possibility that some innocent explanation might exist does not deprive an officer of probable cause to arrest.

7. CRIMINAL LAW — ARREST — PROBABLE CAUSE.
Equivocation and lying by a suspect may raise reasonable suspicions to the level of probable cause for an arrest; a suspect's answers which are inconsistent, conflicting, or palpably false have no discernible innocent meaning and may reasonably be taken to indicate consciousness of guilt.

8. CRIMINAL LAW — EVIDENCE — APPEAL.
The Court of Appeals will not disturb a trial court's finding at a suppression hearing unless that finding is clearly erroneous; the finding is entitled to somewhat less deference where no factual issue involving the credibility of a witness is involved.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Thomas M. Loeb,* for defendant on appeal.

Before: DANHOF, C.J., and T. M. BURNS and T. C. MEGARGLE,* JJ.

PER CURIAM. The people appeal by leave granted from a determination that defendant's statements to police must be suppressed from evidence as the fruit of an arrest without probable cause.

In this case, defendant challenged the admissibility of her confession to the police at her preliminary examination. The examining magistrate held that her confession should be suppressed, because it was the product of an arrest without probable cause. Defendant was nonetheless bound over on a second-degree murder charge. After an evidentiary hearing, the Recorder's Court judge also determined that defendant was arrested without probable cause and ordered her confession to be suppressed.

The decision of the trial court and the arguments of both parties are based on the testimony of police officer Lloyd Clemens. Clemens testified that he had worked in the homicide section of the Detroit Police Department for 13 of his 18-1/2 years on the force. On March 11, 1983, at about 8 a.m., Clemens responded to a call concerning a homicide in the vicinity of 12687 Blackstone in the City of Detroit. He found a dead body on the median across from that address. The deceased had suffered multiple injuries over most of his body and it appeared as if someone had tried to cut off his legs with an instrument which was not extremely sharp. A large amount of blood which was still wet and had not yet congealed was on and around the body.

Shortly after 8 a.m., Clemens and other police officers began to conduct a neighborhood survey. Clemens observed drag marks, blood, and what

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeared to be an attempt to clean up blood across the street from the body leading to the front door of defendant's residence. He saw marks on the sidewalk, the sidewalk leading to the front porch, the grass adjacent to the sidewalk, the front porch, its steps and the doorway of defendant's house. He saw diluted blood and other indications that the area of the porch and steps had recently been washed. A garden hose was present which appeared to have been used quite recently; Clemens felt that it was so cold that morning that the water would have frozen if it had been standing long before he arrived. As he approached the front door, he observed half of a bloody footprint in the doorway itself.

Defendant answered his knock on the door. She indicated that she lived in the house and asked Clemens to come inside. As he did, he observed the other half of the bloody footprint in the doorway. As he walked in, he noticed that the carpeting in the living room was extremely wet. He observed what appeared to be blood on a curtain, a chair, a man's shoe and the baseboard. He told defendant about the body across the street and asked her if she had heard anything during the night or had any knowledge of what had happened. She replied, "No". Several children were present in the house and were being cared for by defendant. Defendant's sister-in-law was found to be sleeping in the basement at the time. Officer Clemens asked defendant to accompany him downtown. On appeal, the prosecutor does not challenge the determination of the trial judge that this was an arrest.

The Recorder's Court judge ruled that the arrest was based primarily on defendant's mere presence at the scene of the crime. He found that a number of other circumstances pointed very strongly in her direction and gave rise to a strong suspicion

that she had something to do with the crime or knew something about the crime. Absent an indication of some affirmative conduct on her part, however, he found that this was merely an arrest based on suspicion and for the purpose of investigation. He concluded that defendant was arrested without probable cause.

On appeal, the judge's determination that probable cause was lacking is challenged. The existence of probable cause to arrest depends in every case upon the peculiar circumstances confronting the arresting officer. *People v Orlando,* 305 Mich 686, 689; 9 NW2d 893 (1943). A court reviews the officer's determination of probable cause by asking whether a man of reasonable prudence and caution (not a legal scholar) would determine whether the person arrested had committed a felony. *People v Harper,* 365 Mich 494, 501; 113 NW2d 808 (1962). The reviewing court must determine whether facts available to the officer at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony. *People v Oliver,* 417 Mich 366, 374; 338 NW2d 167 (1983). A reviewing court will not isolate facts or beliefs from their surrounding circumstances in determining the existence of probable cause. *Harper, supra,* p 500.

On appeal, the prosecutor argues that probable cause existed to arrest defendant as a principal in the murder, as an aider and abettor, or as an accessory after the fact. If there was probable cause to believe that defendant was involved in the offense and that her involvement constituted a felony, the arrest was proper. We agree with the claim that it is not necessary to specify the one felony as to which probable cause exists. Where probable cause exists to believe that a suspect is

guilty of one of several alternative felonies, an arrest can be made. In this case, if there was probable cause to believe that defendant was either a principal or an accessory in the homicide, it was proper to arrest her.

We agree with defendant that the evidence available to Sergeant Clemens was not sufficient to constitute probable cause to believe that defendant had killed the deceased. Indications that she had been, at least, an accessory after the fact were, however, considerably stronger.

Being an accessory after the fact is a common-law felony in Michigan under MCL 750.505; MSA 28.773. See *People v Lucas,* 402 Mich 302; 262 NW2d 662 (1978). An accessory after the fact, at common law, is one who, with knowledge of another's guilt, renders assistance to him in the effort to hinder his detection, arrest, trial or punishment. *Lucas, supra,* p 304. The observations of Sergeant Clemens practically compelled a conclusion that someone had attempted to destroy evidence of a homicide almost immediately before his arrival on the scene. Defendant's presence as the only adult on the scene and the fact of her residence in the house provided some grounds for belief in her involvement in the destruction of evidence; she had both opportunity and motive.

We find that her response to the questions of Sergeant Clemens was even more critical in determining probable cause to arrest. She did not remain silent, but told him that she had not seen or heard anything out of the ordinary and knew nothing about the body outside her house. In a setting in which bloodstains were apparent and the carpeting had just been hosed down, this response must have indicated either guilty knowledge or an intent to hide the guilt of another. The

possibility that some innocent explanation might exist does not deprive an officer of probable cause to arrest. *People v Superior Court of Los Angeles County,* 27 Cal 3d 670; 165 Cal Rptr 872; 612 P2d 962 (1980).

Under the circumstances presented to the officer, it was prudent and reasonable to conclude that defendant had been involved in the effort to destroy evidence. Equivocation and lying by a suspect may raise reasonable suspicions to the level of probable cause. *United States v Lewis,* 362 F2d 759, 761 (CA 2, 1966). Other courts have emphasized the significance in determining probable cause of answers by suspects which are inconsistent, conflicting, or palpably false; such answers have no discernible innocent meaning and may reasonably be taken to indicate consciousness of guilt. *People v Superior Court of Los Angeles County,* 7 Cal 3d 186, 197; 101 Cal Rptr 837, 845; 496 P2d 1205 (1972). In the present case, these principles apply. Defendant's claim that she lacked knowledge concerning the body found in front of her house is a factor which clearly distinguishes this case from one in which a person is merely present at the scene of a crime.

This Court will not disturb a trial court's finding at a suppression hearing unless that finding is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). The finding of the trial judge is entitled to somewhat less deference where no factual issue involving the credibility of a witness is involved. See *Burrell, supra,* pp 448-449. In the present case, we are left with a definite impression that an error was made by the trial judge in determining that Sergeant Clemens did not have probable cause to arrest defendant.

Reversed and remanded.