# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ROBERT ANTOINE MOORE,

       Defendant-Appellant.

UNPUBLISHED
January 25, 2018

No. 333341
Macomb Circuit Court
LC No. 2015-002935-FH

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree home invasion, MCL 750.110a(2), and two counts of assault and battery, MCL 750.81(1). He was acquitted of unarmed robbery. Defendant was sentenced to 84 to 240 months' imprisonment for the first-degree home invasion conviction, to be served concurrently to terms of 93 days' imprisonment for each count of assault and battery. Defendant appeals as of right. We affirm defendant's convictions and remand for correction of the judgment of sentence.

## I. SUFFICIENCY OF EVIDENCE

Defendant first argues that the evidence was insufficient to convict him of first-degree home invasion and both counts of assault and battery.

"The sufficient evidence requirement is a part of every criminal defendant's due process rights." *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748, amended 441 Mich 1201 (1992). After a jury convicts a defendant, we review the evidence on appeal in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Wolfe*, 440 Mich at 513-515. In applying this standard, reviewing courts are not to interfere with the role of the jury:

> It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact.

> \* \* \*

> Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony.

-1-

Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [*People v Palmer*, 392 Mich 370, 375-376; 220 NW2d 393 (1974) (citations omitted).]

Even so, this Court cannot simply defer to the decision of the trial court. *People v Harverson*, 291 Mich App 171, 176; 804 NW2d 757 (2010). Instead, this Court must "employ [its own] independent judicial views while employing the well-settled standards for deciding sufficiency issues." *Id*.

## A. FIRST-DEGREE HOME INVASION

Defendant argues that the evidence showed only that he was present during the home invasion, that he did not participate in the crimes after entry, that he did not encourage the others, and that he tried to stop them. Accordingly, he argues, the evidence was insufficient to convict him of first-degree home invasion. However, viewing the evidence in a light most favorable to the prosecutor, the evidence could lead a rational jury to conclude that he aided and abetted the other intruders in entering the house with the intent to assault Panaccione. The evidence was, therefore, sufficient.

The home invasion statute provides:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling. [MCL 750.110a(2).]

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." MCL 767.39.[1] Aiding and abetting describes all forms of assistance rendered to the perpetrator of a crime, including

---

[1] This statute removes the common law requirement that a principal actor must be convicted of a crime before an accessory—one who aids or abets—may be properly prosecuted. *Palmer*, 392 Mich at 378.

all words or deeds which may support, encourage or incite the commission of a crime . . . [and] the actual or constructive presence of an accessory, in preconcert with the principal, for the purpose of rendering assistance . . . . The amount of advice, aid or encouragement is not material if it had the effect of inducing the commission of the crime. [*Palmer*, 392 Mich at 378 (citations omitted).]

Before a defendant can be found guilty under a theory of aiding and abetting, the underlying offense must be proven. *People v Blevins*, 314 Mich App 339, 358; 886 NW2d 456 (2016). Further, to be convicted as an aider and abettor, the defendant must either possess the requisite intent to commit the underlying offense or participate while knowing that coparticipants possess the requisite intent. *People v Karst*, 118 Mich App 34, 39; 324 NW2d 526 (1982).

A defendant's mere presence, even with knowledge that the underlying crime is about to be committed or is currently being committed, is insufficient to warrant a conviction under a theory of aiding and abetting. *Id*. However, by voluntarily choosing to join a group that was intent on committing a crime, a person takes action that supports, encourages, and incites the commission of that crime. *People v Smock*, 399 Mich 282, 284-285; 249 NW2d 59 (1976). The *Smock* Court reasoned that joining with such a group contributes to the psychological underpinnings that give strength to a "mob" via mutual reassurance. *Id*. The Court distinguished such actions from cases of "guilt by association" or "mere presence." *Id*. at 285.

Defendant was convicted of first-degree home invasion under a theory that he broke and entered into the victims' dwelling with the intent, specifically, to commit an assault therein; or that he aided and abetted others in doing so. After defendant agreed to give Panaccione a $10 loan, Panaccione received a call in which the speaker aggressively inquired as to the debt that Panaccione owed defendant. In the early hours of the next morning, while it was still dark, defendant and others went to Panaccione and Penny Keleel's house and attempted to kick in the front door. Defendant and the other intruders opened the front door and entered the house without invitation or permission, and defendant watched as his cohorts assaulted Panaccione, Keleel, and Cassin.

The time at which defendant and the intruders appeared at the house, the violent manner in which they attempted to enter, and their conduct upon entry suggest that they were not there simply to discuss the debt with Panaccione in a civil fashion. Rather, it may be inferred from the facts that they had every intent to use violent means to procure payment of the debt that defendant was owed. At the very least, even if defendant, himself, had no intention of assaulting the victims, he should have been made aware of his cohort's intentions when they began loudly attempting to gain entry to the home using force, and was aware as the assaults were occurring.

Neither Panaccione nor Keleel claim that defendant touched anyone. Nor did either claim to have heard defendant actively giving aid or encouragement to the others as they committed the assaults and batteries against the victims. However, it was within reason for the jury to conclude that defendant enlisted the aid of the other intruders to intimidate Panaccione into surrendering the debt owed. This greater number gives rise to the reasonable inference that defendant entered the house intending on either using force to obtain the money he was owed, or that he entered intending to put Panaccione in reasonable apprehension of such force. Moreover, there is abundant evidence that an intruder brought a gun to both incidents. Whether the weapon

was intended to be used or merely meant to inspire fear of its use when drawn, its presence indicates that the intruders contemplated an assault when entering the house. Finally, defendant returned after the first incident accompanied by even more people. The jury could have reasonably concluded that if defendant truly did not desire to be a party to home invasion or assaultive behavior, that he would not have come to the house a second time.

Because it is for the jury to weigh the evidence, and because we review the evidence in the light most favorable to the prosecution, *Palmer*, 392 Mich at 375-376, we conclude that sufficient evidence was presented to allow a rational jury to find beyond a reasonable doubt that defendant broke and entered into the victims' home, while the victims were present, with the intent to assault Panaccione, or at least that defendant sought, aided, or encouraged the other intruders to break and enter into the victims' home, while the victims were present, and with the intent to assault Panaccione therein.

## B. ASSAULT AND BATTERY

Defendant also argues that there was insufficient evidence to convict him of assaults on both Panaccione and Keleel during the first incident.

Under Michigan statutory law, "a person who assaults or assaults and batters an individual, if no other punishment is prescribed by law, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both." MCL 750.81(1). An assault can occur in two ways: (1) an attempted battery; or (2) an unlawful act that places another in reasonable apprehension of an imminent battery. *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). "A battery is the consummation of an assault." *Id*. It is the "intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (quotation marks and citation omitted).

Here, the evidence does not suggest that defendant ever physically assaulted any of the victims. However, defendant was also charged on a theory of aiding and abetting. As discussed previously, the facts give rise to a reasonable inference that defendant enlisted the help of the other intruders for the purpose of either using physical force against Panaccione, or instilling a reasonable apprehension in Panaccione that they would use such force, to procure the money that defendant was owed. In either case, an assault would have occurred that defendant played an integral part in orchestrating.

The evidence is also sufficient to establish that defendant aided and abetted in the assault against Keleel. The jury could have concluded that defendant was present during the first incident to render assistance in physical altercations if necessary. The jury could have also found that defendant entered the home simply to add to the victims' intimidation by adding to the number of intruders. Unless the evidence, when viewed in the light most favorable to the prosecution, could not have led a rational jury to convict defendant, the verdict must not be disturbed. *Palmer*, 392 Mich at 375-376. The circumstances allowed for the jury to make the necessary connections and inferences to find defendant guilty of aiding and abetting in the assault and battery of both Panaccione and Keleel. The jury's convictions of defendant for both counts of assault and battery must, therefore, be affirmed.

### III.  CORRECTION OF JUDGMENT OF SENTENCE

Defendant next argues that he is entitled to a remand for the ministerial task of correcting the judgment of sentence.  We agree.

The lower court record clearly indicates that defendant was convicted of first-degree home invasion and both counts of assault and battery, and was acquitted of the unarmed robbery charge.  The trial judge sentenced defendant accordingly.  The judgment of sentence incorrectly indicates that defendant was convicted of unarmed robbery and acquitted of one count of assault and battery.  Defendant is, therefore, entitled to a remand in order to correct the judgment of sentence.  *People v Terrell*, 312 Mich App 450, 468; 879 NW2d 294 (2015), rev'd on other grounds 902 NW2d 601 (2017).  Indeed, the prosecution does not contest the issue.

Affirmed but remanded to the trial court to correct the judgment of sentence.  We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien