# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW MILLER METCALF,

Defendant-Appellant.

UNPUBLISHED
March 1, 2018

No. 333978
Oakland Circuit Court
LC No. 2015-256591-FH

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of second-degree home invasion, MCL 750.110a(3). He was sentenced as an habitual offender, MCL 769.12, to 8 to 30 years' imprisonment. Defendant appeals as of right. We affirm.

On July 23, 2015, Christine Bunch's house was broken into through a window on her front porch. Two televisions, a Kindle Fire HD tablet, and an Amazon Fire Stick were taken from inside the house. A fingerprint retrieved from the window was determined to match defendant's fingerprint. Police discovered that the televisions had been pawned at a pawn shop, and that defendant's identification had been provided to the pawn shop, defendant's fingerprint was on a receipt at the pawn shop, and defendant's signature was on the pawn shop receipt.

Defendant was arrested and charged with second-degree home invasion. Defendant agreed to speak to police, signed a *Miranda*[1] waiver form, and never invoked his right to an attorney. After learning that police knew he had pawned the televisions, defendant admitted that he had, in fact, pawned the televisions.

At trial, defendant testified that a friend, Daniel Vandenberg, had taken him to Bunch's house on that day and had shown him the two televisions that were on the porch of the house. Defendant helped Vandenberg remove the televisions from Bunch's porch, and pawned the televisions. Defendant testified that he did not realize that the televisions were stolen. Earlier that day, defendant had seen Vandenberg in possession of a Kindle Fire and an Amazon Fire

---

[1] *Miranda v Arizona*, 348 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

-1-

Stick, but testified that he did not know that they were stolen. Defendant admitted that he had previously attempted to help Vandenberg pawn stolen property. Defendant also admitted that he had not earlier told police about Vandenberg's involvement, explaining that he was trying to protect Vandenberg.

## DISCUSSION

On appeal, defendant argues that defense counsel at trial was ineffective because he failed to object to (1) the trial court's instruction on aiding and abetting; (2) the trial court's answers to jury questions during deliberations; (3) the admission of defendant's prior convictions into evidence; and (4) instances of prosecutorial misconduct. To preserve a claim of ineffective assistance of counsel, the defendant must move for a new trial or request a *Ginther*[2] hearing to establish the basis of the claim. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). In this case, defendant did not preserve this claim by making a motion for a new trial or moving for an evidentiary hearing. Accordingly, our review is limited to errors apparent on the record. *Id*. Whether defense counsel performed ineffectively presents a mixed question of fact and law; we review the trial court's findings of fact for clear error and review de novo questions of constitutional law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

The United States and Michigan Constitutions both guarantee the right of a defendant in a criminal trial to the effective assistance of counsel. *People v Kammeraad*, 307 Mich App 98, 122; 858 NW2d 490 (2014), citing US Const, Am VI; Const 1963, art 1, § 20. Generally, to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). The defendant bears the burden of establishing the factual predicate of an ineffective assistance claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

### 1. AIDING AND ABETTING INSTRUCTION

At trial, the trial court gave the jury the instruction for aiding and abetting. Defendant now contends that his trial counsel was deficient by failing to object to the instruction, arguing that the evidence, at most, established that defendant was an accessory after the fact. We disagree.

"The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Reed*, 393 Mich 342, 349-350; 224 NW2d 867 (1975) (citations omitted). A jury instruction must be given if it is applicable, accurately states the applicable law, and is requested by a party. MCR 2.512(D)(2). The determination as to whether a particular instruction is applicable to the facts of the case is within the discretion of the trial court. *People v Ho*, 231 Mich App 178, 189; 585 NW2d 357 (1998).

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

MCL 750.110a(3) defines second-degree home invasion:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

"Dwelling," for purposes of this statute, means "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." MCL 750.110a(1)(a). Further, any amount of force used to open a door or window, no matter how slight, is sufficient to constitute a breaking. *People v Wise*, 134 Mich App 82, 88; 351 NW2d 255 (1984).

MCL 767.39 provides that:

Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

The elements of aiding and abetting are "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement." *People v Plunkett*, 485 Mich 50, 61; 780 NW2d 280 (2010). Aiding and abetting includes all forms of assistance given to the perpetrator of a crime, such as "all words or deeds which may support, encourage or incite the commission of a crime . . . [and] the actual or constructive presence of an accessory, in preconcert with the principal, for the purpose of rendering assistance . . . . The amount of advice, aid or encouragement is not material if it had the effect of inducing the commission of the crime." *People v Palmer*, 392 Mich 370, 378; 220 NW2d 393 (1974) (citations omitted). This Court has held that "[t]he jury may be instructed about aiding and abetting where there is evidence that (1) more than one person was involved in committing a crime, and (2) the defendant's role in the crime may have been less than direct participation in the wrongdoing." *People v Bartlett*, 231 Mich App 139, 157; 585 NW2d 341 (1998).

In this case, the evidence was sufficient to allow a reasonable jury to conclude that defendant was guilty of second-degree home invasion either as a principal or as an aider and abettor. In support of the theory that defendant was the principal in the home invasion, Bunch testified that both televisions were inside her home when she left for work on the day of the incident. Defendant admits that he was at Bunch's house that day. Defendant's fingerprint was found on the front porch window believed to be the point of entry into the home. The police found the window screen pushed up and a "stop tab" device on the floor of the home's interior, suggesting that the window had been forced open. Defendant was never given permission to

enter the home or to take any of Bunch's property. Defendant admitted that he sold the two televisions to the pawn shop that same day. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993). The jury could have inferred from the evidence that defendant went to Bunch's home, forced open the window, entered the home without permission, and removed the items from the home. Thus, the evidence was sufficient for the jury to have convicted defendant as a principal. See MCL 750.110a(3).

The evidence was also sufficient to convict defendant as an aider and abettor. Before a defendant can be found guilty under a theory of aiding and abetting, the underlying offense must be proven. *People v Blevins*, 314 Mich App 339, 358; 886 NW2d 456 (2016). Here, the evidence demonstrated that the home invasion occurred, whether perpetrated by defendant or someone else. In addition, to be convicted as an aider and abettor, a defendant must either possess the requisite intent to commit the underlying offense or participate while knowing that co-participants possess the requisite intent. *People v Karst*, 118 Mich App 34, 39; 324 NW2d 526 (1982). In this case, accepting defendant's version of the events as true, defendant accompanied Vandenberg to the house knowing Vandenberg's history of stealing personal property; in fact, defendant had attempted to help Vandenberg pawn stolen items in the past. That day, defendant noticed Vandenberg in possession of an Amazon Fire Stick and the Kindle Fire HD, which defendant testified he had never known Vandenberg to own. Defendant then assisted Vandenberg in removing the televisions from the porch of the house. Defendant knew that he did not own the televisions and had no reason to believe that the televisions belonged to Vandenberg. The jury therefore could infer that defendant knew that they were stealing the televisions when he and Vandenberg removed them from the porch, constituting aiding and abetting second-degree home invasion. See *Palmer*, 392 Mich at 378.

Defendant argues that he was, at most, an accessory after the fact, and that on that basis defense counsel should have objected to the jury instruction on aiding and abetting. An accessory after the fact is "one who, with knowledge of the other's guilt, renders assistance to a felon in the effort to hinder his detection, arrest, trial or punishment" and is comparable to obstruction of justice. *People v Perry*, 460 Mich 55, 62; 594 NW2d 477 (1999) (citation omitted). In this case, however, defendant was not charged with being an accessory after the fact, which is a separate offense and not a lesser included offense of second-degree home invasion, sharing none of the elements of that offense. See *id*. at 56, 59-60; see also *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014) (a defendant is entitled to a lesser offense instruction only if that lesser offense is necessarily included in the greater offense, that is, it must be impossible to commit the greater offense without first committing the lesser offense.) By contrast, there was ample evidence presented at trial to permit an inference that defendant was guilty of second-degree home invasion as a principal and as an aider and abettor. Accordingly, any objection defense counsel might have made to the instruction would have been meritless, and the failure to object did not constitute ineffective assistance of counsel. See *People v Ericksen*, 288 Mich App 192, 205; 793 NW2d 120 (2010).

## 2. TRIAL COURT'S RESPONSE TO JURY QUESTIONS

Defendant next contends that defense counsel at trial was ineffective because he failed to object when the trial court answered questions posed by the jury. We disagree.

The trial court received two questions from the jury during deliberations. The jury first asked "[i]f we go by [defendant's] story that he knew about the TVs from Vandenberg at the hotel, got into the car, helped him remove the TVs from the porch and sold them, at what point is he aiding and abetting to the home invasion? Or does this fall under a different law?" The trial court responded to this question by rereading the aiding and abetting instruction. The parties did not object. The jury then asked "[a]t what point is it considered to be an entry into the home; if someone raises the screen or the screen is open and touches the outside of the window which is inside the screen is it an entry?" The trial court responded by rereading the instructions pertaining to second-degree home invasion by entry without permission.

We read jury instructions as whole, not piecemeal, when determining whether error warranting reversal has occurred. *People v Chapo*, 283 Mich App 360, 373; 770 NW2d 68 (2009). We will find no error if the jury instruction fairly presented the issues to be tried and sufficiently protected the defendant rights, even if the instructions are imperfect. *Id*. When a trial court's response to a question from the jury is legally accurate and did not mislead the jury, this Court has found that no error occurred. See *People v Katt*, 248 Mich App 282, 310-311; 639 NW2d 815 (2001).

Defendant appears to argue that the trial court should have given more specific answers to the jury's questions regarding when an aiding and abetting might have occurred and when a breaking might have occurred. The trial court, however, may not instruct a jury that an essential element of a criminal offense has been established. *People v Reed*, 393 Mich 342, 351; 224 NW2d 815 (2001). It is for the jury to determine all the elements of a crime. *Id*. In response to the questions, the trial court could not have done more than reassert the controlling law. By rereading the jury instruction to the jury, the trial court accurately instructed the jury on the law. Because the trial court gave appropriate responses to the jury's questions, any objection by defense counsel would have been meritless. Defense counsel therefore was not ineffective for failing to object. See *Ericksen*, 288 Mich App at 205.

### 3. DEFENDANT'S PRIOR CONVICTIONS

Defendant next contends that defense counsel at trial was ineffective when he failed to move to exclude evidence of defendant's two prior convictions for second-degree home invasion. We disagree.

MRE 609 provides for the admission of evidence of certain prior convictions for the purpose of impeachment of a witness's credibility. *People v Snyder (After Remand)*, 301 Mich App 99, 105; 835 NW2d 608 (2013). MRE 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and
>
> (1) the crime contained an element of dishonesty or false statement, or
>
> (2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

When the witness is also the defendant in a criminal trial, a prior conviction is inadmissible unless the trial court determines that the probative value of the evidence outweighs its prejudicial effect. MRE 609(a)(2)(B); *Snyder*, 301 Mich App at 106. With regard to the appropriate analysis of the probative value and prejudicial effect of the statements, MRE 609(b) provides:

> For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.

This Court has explained that when the prior conviction is identical to the charged offense, admission of the prior conviction is highly prejudicial because the risk is high that the jury will be persuaded to convict the defendant based on the similarity of the offenses. *Snyder*, 301 Mich App at 106. Defendant in this case argues that because defendant's prior convictions were for home invasion, the evidence of the prior convictions was so prejudicial that it should have been excluded, and that defense counsel at trial was ineffective for failing to move to exclude the convictions.

Here, before defendant testified, and out of the presence of the jury, defense counsel asked defendant on the record if he understood that his prior convictions for home invasion would be admissible if he testified. Defendant indicated that he understood. Thereafter, when defendant testified in front of the jury he volunteered, without prompting by defense counsel, the information that he twice had been convicted of home invasion. Defense counsel's response to defendant interjecting this information suggests that defense counsel was in fact surprised by defendant's testimony. It is therefore unclear whether defense counsel intended for defendant to testify as to the prior convictions, or whether defendant himself unwittingly introduced the information.

Defense counsel at trial may have chosen to introduce the evidence as a matter of strategy anticipating, perhaps incorrectly, that an attempt to exclude the evidence would be unsuccessful. A defendant with prior convictions who chooses to testify must decide whether, as a matter of strategy, to introduce the prior convictions on direct examination and thereby "remove the sting" of the information, or wait for the prosecutor to attempt to elicit the information on cross-examination. See *People v Rodgers*, 248 Mich App 702, 716; 645 NW2d 294 (2002). Anticipating that a prosecutor will attempt to introduce evidence of defendant's prior convictions

to impeach the defendant's credibility as a witness, it is not unreasonable for defense counsel at trial to choose to introduce the evidence of the prior convictions on direct examination as a matter of strategy.

A defendant claiming ineffective assistance of counsel must overcome the strong presumption that counsel's tactics constituted sound trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). This Court will not substitute its judgment for the judgment of trial counsel on matters of trial strategy, nor will we assess counsel's competence with the benefit of hindsight. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). In this case, although defense trial counsel might have been successful had he attempted to exclude the evidence of the prior convictions, this Court will not substitute its judgment for that of trial counsel in matters of trial strategy, even when that strategy backfired. And in this case, given that defendant revealed his prior convictions without prompting from defense counsel, it is difficult to say whether this was part of a defense strategy gone awry or, rather, a wound defendant inflicted upon himself.

Moreover, to succeed on a claim of ineffective assistance of counsel, defendant must show that but for counsel's deficient performance,[3] there is a reasonable probability that the outcome of the proceeding would have been different. Here, the evidence of defendant's guilt was overwhelming. Defendant admitted that he went to Bunch's house on the day in question and removed the televisions from the porch of the house. He further admitted that he pawned the televisions. In addition, defendant's fingerprint was found on the window that was determined to be the point of entry of the person who entered Bunch's home. The evidence therefore unquestionably demonstrated that defendant participated in the home invasion, either as the principal or as an aider and abettor. Defendant is therefore unable to demonstrate that, but for the admission of the evidence of his prior convictions, the outcome of the proceeding would have been different. Accordingly, defendant failed to establish that defense counsel was ineffective for failing to move to exclude his prior convictions.

## 4. PROSECUTORIAL MISCONDUCT

Finally, defendant argues that he received ineffective assistance of counsel because defense counsel at trial failed to object to various instances of alleged prosecutorial misconduct. We disagree.

The test for prosecutorial misconduct is whether the prosecutor committed errors that deprived the defendant of a fair and impartial trial. *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015). A prosecutor's statements are evaluated in light of the defense arguments and the relationship to the evidence admitted. *People v Seals*, 285 Mich App 1, 22; 776 NW2d 314 (2009).

---

[3] We do not conclude that defense counsel's performance was deficient, but only that it is highly likely that the outcome would have been the same had the evidence of the prior convictions been excluded.

Defendant first argues that defense counsel was ineffective for failing to object to the prosecution's questions regarding defendant's failure to assert defenses to the police after defendant was arrested and given his *Miranda* warnings. Defendant correctly notes that it is improper for a prosecutor to comment on a defendant's invocation of his right to remain silent. *People v Shafier*, 483 Mich 205, 212; 768 NW2d 305 (2009). However, a defendant who knowingly and voluntarily makes post-arrest, post-*Miranda* warning statements to police can be questioned about his failure to assert defenses to the police. *People v Davis*, 191 Mich App 29, 34-35; 477 NW2d 438 (1991). A prosecutor also is permitted to inquire about a defendant's silence to rebut a defendant's claim that he or she told an exculpatory story to police upon arrest. *Shafier*, 483 Mich at 212. In this case, defendant did not invoke his right to remain silent, and in fact, he signed a form waiving his *Miranda* rights. Thereafter, he talked to police but did not inform them of Vandenberg's alleged role in the home invasion. The prosecutor's subsequent questions related not to a post-*Miranda* silence, but rather to defendant's failure to advise police of his defense. Thus, any objection that defense counsel might have made to the prosecutor's questions would have been meritless, and defense counsel cannot be found ineffective for failing to make meritless objections. See *Ericksen*, 288 Mich App at 205.

Defendant also argues that defense counsel was ineffective for failing to object to the prosecution's closing argument when the prosecutor repeatedly claimed that defendant had lied during his testimony. Prosecutors are generally given great latitude in the arguments they put forward at trial. *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010). Although a prosecutor may not suggest that he or she has some special knowledge that the witness is testifying untruthfully, *People v Roscoe*, 303 Mich App 633, 649; 846 NW2d 402 (2014), a prosecutor is permitted to argue from the facts that defendant or the defendant's witnesses are not worthy of belief. *People v Howard*, 226 Mich 528, 548; 575 NW2d 16 (1998). Further, a prosecutor is not required to confine his or her argument to "the blandest possible terms." *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Here, although the prosecutor argued that defendant was lying, he did not claim special knowledge that defendant was testifying untruthfully. The prosecutor therefore did not commit misconduct by arguing that defendant was lying, and defense counsel was not obligated to raise a meritless objection.

Finally, defendant argues that defense counsel was ineffective for failing to object to the prosecution's suggestion that if defendant believed that Vandenberg's testimony would bolster his case, defendant should have called him as a witness. Defendant contends that this improperly shifted the burden of proof to him. A prosecutor may not imply that a defendant must prove something or present a reasonable explanation; to do so tends to shift the burden of proof to the defendant, which is impermissible. *Fyda*, 288 Mich App at 463-464. For the same reason, a prosecutor may not comment on a defendant's failure to present evidence. *Id*. at 464. The prosecutor may, however, comment on the weakness of a defendant's alibi or that the defendant has failed to call a corroborating witness. *People v Holland*, 179 Mich App 184, 190-192; 445 NW2d 206 (1989). In doing so, the prosecution is merely pointing out the weakness in a defendant's case and is not improperly shifting the burden of proof to the defendant. *People v Shannon*, 88 Mich App 138, 145; 276 NW2d 546 (1979).

In this case, defendant testified that he had helped Vandenberg take the televisions from the porch of Bunch's house at Vandenberg's suggestion, and that he had seen Vandenberg with the Kindle Fire and the Amazon Fire Stick. Defendant did not call Vandenberg as a witness, but

during his testimony made an unprompted reference to the prosecution's failure to call Vandenberg as a witness. The prosecution, in its closing argument, commented on defendant's failure to do the same. We conclude that in doing so, the prosecutor was responding to defendant's comment and also commenting upon the weakness of defendant's alibi and the failure to call a corroborating witness, which is not misconduct. *Holland*, 179 Mich App at 190-192. The prosecution did not improperly shift the burden of proof to defendant. *Shannon*, 88 Mich App at 145. Accordingly, any objection that defense counsel might have raised against the prosecution's statements would have been meritless, and defense counsel was not ineffective for failure to make a meritless objection. See *Ericksen*, 288 Mich App at 205.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola